EDWARD C. PIKE *vs.* BANGOR & CALAIS SHORE LINE RAILROAD COMPANY, and CITY OF ELLSWORTH, trustee.

Washington. Decided October 25, 1878.

*Trustee process. Corporation.*

A creditor of a railroad corporation sues the corporation and trustees the city of Ellsworth, subscriber to its stock.

*Held,* 1. The first assessment upon the stock of the corporation, made before the trustee subscribes for the stock, creates no liability against the trustee.

2. The second assessment, not being made on all the shares of the stock, but on the stock held by the towns and cities only, and omitting the shares held by persons, is invalid.

3. An assessment made by S N C, committee, not by the directors nor ratified by them, is void.

4. A corporation cannot legally assess its stock till it fixes its capital.

5. The city, having by its vote, in accordance with the charter of the corporation, designated what part of the railroad line the money raised and subscribed by it should be expended, a general creditor cannot by trustee process divert and hold such money for a debt not contracted for the purpose designated.

6. The city is not estopped by a vote of the city council, after the commencement of the action, to pay the assessment.

ON REPORT.

Assumpsit for money and labor, to which no defense was made, the contention being as to the liability of the alleged trustee.

*J. M. Livermore,* for the plaintiff.

*E. Hale & L. A. Emery,* for the alleged trustee.

Libbey, J. The plaintiff claims to charge the trustee for sums due from it to the principal defendant for two assessments on the capital stock of the defendant corporation, subscribed for by the trustee. The first assessment was made by the directors of the corporation, September 19, 1876, and was for five per cent on the stock payable on or before October 15, 1876, and five per cent payable on or before December 15, 1876. The second assessment was made June 28, 1877, and was for $1.25 per share, amounting to $1,541.25 on the shares subscribed for by the trustee. The trustee made its subscription for 1233 shares of the stock, under date of October 26, 1876.

The first assessment created no liability against the trustee for which it can be charged, because it was made before it subscribed for the stock, and therefore was not made on the stock subscribed for by it.

The second assessment was made by virtue of a resolve passed at a meeting of the corporation, held June 6, 1877, which directed the directors to " obtain all bills for past expenditures, audit the same, and make an assessment upon the towns owning stock, *pro rata,* for the payment of such bills, re-imbursing, without interest, any towns the amount already paid by them, which shall exceed their proportion of the expenditures aforesaid." By the charter of the corporation, Private and Special Laws of 1872, c. 140, § 3, the directors are authorized to make equal assessments from time to time on all of the shares in said corporation, etc. This assessment was made on the towns and cities only which had subscribed for stock, and not on the stock held by persons, though by the record of the meeting at which it was ordered it appears that thirty-one of such stockholders were present. Such an assessment was unauthorized by the charter. It was not on "all" of the shares in said corporation. But by the record of the assessment it appears to have been made by Samuel N. Campbell, committee.

If Mr. Campbell was appointed by the directors a committee to audit the claims and make the assessment directed by the corporation, in so doing they exceeded their authority. The action of Mr. Campbell does not appear to have been ratified by them. For this reason the assessment is void. *Monmouth Mut. F. Ins. Co.* v. *Lowell*, 59 Maine, 504.

Again, it is objected, on the part of the trustee, that both assessments are void, because it does not appear that the capital stock of the corporation had been fixed. By § 2 of the charter, " the capital stock of said company shall consist of not less than one thousand shares of one hundred dollars each, par value ; but the number of such shares may be from time to time increased, at the discretion of the stockholders, to an amount not exceeding twenty thousand shares." The corporation had no power to assess the subscribers to its stock till it had fixed its capital stock, and it had been fully taken. *S. & K. R. R. Co.* v. *Cushing*, 45 Maine, 524. *Somerset R. R. Co.* v. *Clarke*, 61 Maine, 379, 380.

If it be said that the minimum of one thousand shares must be taken to be the capital stock of the corporation, in the absence of any action by the corporation fixing it, the answer is that the assessments are on four thousand four hundred and sixty-six shares, a much larger number, and it does not appear at what number of shares the corporation had fixed its capital, nor that all of its stock had been taken.

But there is still another ground on which it is claimed that the trustee is not chargeable. By § 14 of the charter a town or city voting to subscribe for the stock of the corporation, "may in such vote, designate on what part of said railroad line, or between what points on said railroad line, any money so voted to be raised by such city or town shall be expended and used ; and said corporation shall use and expend all of such money in the manner designated by such vote and in no other manner." The vote of the city of Ellsworth, by virtue of which the subscription was made, and the subscription, designate the part of the railroad line upon which the money voted to be raised shall be used and expended. It is claimed by the plaintiff that this is a condition subsequent ; that the corporation has the right to assess the stock subscribed

for, and collect the assessments, before it can be required to use and expend the money on that part of the line of the road designated. If this be so, the corporation would have no right to collect the money and use and expend it for purposes other than the one designated. And having collected it, if it should attempt to divert it from the use designated, and use it for another purpose, this court, by appropriate process, would restrain it from so doing and compel it to specifically perform the contract on its part. A general creditor cannot, by trustee process, divert the fund to a use to which the corporation could not legally appropriate it. The plaintiff's debt was not incurred for the use or purpose designated in the vote of the city authorizing the subscription, and the trustee is not chargeable.

But it is claimed by the plaintiff that the trustee is estopped from denying the legality of the second assessment of $1,541.25 by the vote of the city council passed August 6, 1877, authorizing the mayor to pay it from the contingent fund or by loan. This vote was not a contract between the city and the railroad company. No action was taken by the corporation by reason of it. It contains no elements of estoppel, and the city is not precluded by it from setting up any legal defense to the assessment.

*Trustee discharged.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.

PETERS, J., being a tax payer of Ellsworth, did not sit.