The Great Western Telegraph Company, Respondent, vs. Burnham and others, Executors, Appellants.

*December 2, 1890 — February 24, 1891.*

*Corporations: Assessments on stock.*

In an action by a foreign corporation to recover from the defendant an assessment of thirty-five per cent. upon his stock, which rate had been assessed by an Illinois court upon all stock not fully paid, the complaint showed that, prior to the assessment, the defendant had paid forty per cent. on the par value of his stock, while some other stockholders had paid but two per cent. *Held*, on demurrer, that the assessment must be deemed unequal and therefore void, though it was made by a court of another state in an action therein.

APPEAL from the Circuit Court for *Milwaukee* County. The defendants demurred to the complaint, and appeal from an order overruling their demurrer. The case is sufficiently stated in the opinion.

For the appellants there were briefs by *Quarles, Spence & Quarles*, and oral argument by *Charles Quarles*. Among other things, they argued that the assessment was unequal and void; and that the Illinois court, in respect to assessments, merely took the place of the directors, and could only make a *pro rata* assessment. *Hawkins v. Glenn*, 131 U. S. 333; *Lamb v. Lamb*, 6 Biss. 424; *Stewart v. Lay*, 45 Iowa, 612; *Bangs v. Duckinfield*, 18 N. Y. 598.

For the respondent there were briefs by *Shepard & Shepard* and by *T. J. Sutherland* and *Charles E. Shepard*, of counsel, and oral argument by *C. E. Shepard*. They argued, among other things, that if the Illinois court had jurisdiction, its interlocutory decree is not impeachable here (at least upon demurrer), for lack of equity. It is to be presumed that it was based upon necessity and is fair and equal. Full faith and credit must be given to it, and it cannot be reviewed or impeached in a collateral suit, except for actual fraud. Objections to the equality and legality of the assessment, if at all competent in this state, can only be made by answer.

In support of these points the following cases are cited in their brief on the motion for a rehearing: *Orient Ins. Co. v. Sloan*, 70 Wis. 618; *Hawkins v. Glenn*, 131 U. S. 332; *Mann v. Cooke*, 20 Conn. 189–90; *Sanger v. Upton*, 91 U. S. 58–9; *Kennedy v. Gibson*, 8 Wall. 505; *Glenn v. Williams*, 60 Md. 93; *Upton v. Hansbrough*, 3 Biss. 426; *Ex parte Tobias Watkins*, 3 Pet. 193; *Brown v. Parker*, 28 Wis. 24; *Kellam v. Toms*, 38 id. 595.

The following opinion was filed December 16, 1890:

COLE, C. J. This action was brought against George Burnham in his life-time, and, after his death, was revived against the executors of his will. The action is upon a contract of subscription to the capital stock of the plaintiff corporation. It appears from the complaint that Burnham, in May, 1869, subscribed for and agreed to take 100 shares of the capital stock, and pay for the same as follows: five per cent. of the par value down, and the balance of the par value — to wit, $25 upon each share so subscribed for — from time to time as the directors of the corporation should order. Burnham has paid forty per cent., or $10, on each share subscribed for, leaving sixty per cent., or $15, on each share unpaid. The complaint alleges that a large number

of other persons besides Burnham also subscribed for the capital stock, to the extent and amount of all the shares into which the capital stock was divided, upon agreements similar in all respects to Burnham's agreement. It is further stated in the complaint that, in November, 1869, a suit was commenced in the circuit court of Cook county, Ill., wherein one Terwilliger, a stockholder, was plaintiff, in behalf of himself and other stockholders similarly situated, against the plaintiff corporation and other defendants, which suit is still pending and undetermined. The corporation appeared in that action, and submitted to the jurisdiction of the court. In the proceedings therein taken, the court, among other things, took control of the powers and property of the corporation, appointed a receiver, with the usual powers of a receiver, to take charge of the affairs of the corporation, manage its business, collect the assets, and pay the debts of the corporation. It is alleged that in July, 1886, the corporation was justly indebted to sundry persons in a large amount, namely, in the sum of $400,000, the whole of which indebtedness accrued against the company after Burnham entered into his contract of subscription, and that the corporation has no property, except the amounts unpaid upon the shares of the capital stock, to pay or meet this indebtedness; that the unpaid shares are largely in excess of said indebtedness. And it is further alleged that, before said last-named date, a small number of its stockholders had paid to the plaintiff $25 on each of its shares of stock subscribed for by them respectively, being the par value, and in full of the same; that none of the remainder of said stockholders and subscribers had before said last-named date, nor have any of them now, paid more than $10 upon each of the shares of the capital stock severally subscribed for, or held by them; that many of them have never paid more than fifty cents upon each of such shares severally subscribed for by them, and there

was, on said last-named date, a balance and amount un-paid upon each of the shares of the capital stock (ex-cept those which had been paid for in full, as aforesaid), including those subscribed for by the defendant Burnham, of not less than $15, which the stockholders are severally liable to pay, when called upon and ordered to pay accord-ing to the terms of their several agreements of subscription; and that the stockholders have been ordered to contribute thirty-five per cent. of the par value of the shares of stock subscribed for, to be used and applied to the payment of the indebtedness of the corporation, and of the expenses of the receiver incurred in and about its affairs. The corporation brings this suit to recover this thirty-five per cent. assess-ment or call upon the stock purchased by Mr. Burnham. A number of objections were taken by way of demurrer to the complaint in the circuit court, which were ably discussed on the oral argument at this bar. From the view which we have taken of the complaint, we do not deem it neces-sary to consider all these points. We shall assume, for the purposes of this appeal, without deciding other points, that the action may be prosecuted in the name of the corpora-tion, even after the appointment of a receiver, and order-ing him to take charge and control of its property, collect its assets, and pay its debts. We will further assume that the Illinois court of equity in the suit before it, having also before it all the evidence as to the organization of the cor-poration, the validity of the stock subscriptions, and the lia-bilities of the corporation, could decree or make a call on the unpaid subscriptions to the stock, in the same manner and with like effect as though the directors of the corpora-tion themselves had ordered the assessment, as they were authorized to do by the contract of subscription. But we fully agree with the appellants' counsel that any call or as-sessment made upon the shares must be uniform, and in ratable amounts, and that any call or assessment which re-

quires some shareholders to pay a higher rate than other shareholders is unjust, and should not be enforced. We have referred to the averment of the complaint which states that some of the stockholders have paid $10, or forty per cent., on each share of stock held by them, *while many of the stockholders have never paid more than fifty cents, or two per cent., on a share.* It requires no argument to show that such a call or assessment on the stock is grossly unequal and unjust. We think Mr. Morawetz states the correct rule on this subject in the following language: "Justice between the shareholders of a corporation requires that all the shareholders should contribute in respect to their shares at the same time, and in ratable amounts. A call requiring some shareholders to pay in more than others would, therefore, be invalid. But, if some shareholders have already contributed more than others, it would be not only the right but the duty of the directors to make calls upon the other shareholders in such amounts as to equalize the contributions of all." Mor. Priv. Corp. (2d ed.), § 154. See, also, *Pike v. B. & C. S. L. R. Co.* 68 Me. 445. Cook on Stock and Stockholders (2d ed., § 114) says: "A call . . . must be made on all alike, or it will be void. The courts will not allow the directors of a company so to proceed as to require some stockholders to pay calls, and not to require others to do the same." And this accords with common sense, and all notions of equity and fairness.

It is also objected that the assessments exceeded in amount what was needed for the payment of the debts of the corporation, and the legitimate expenses of administering its affairs. We shall not go into that question at this time. Presumably, the court examined into the financial condition of the corporation, and determined what amount of money it was necessary to raise to meet its liabilities. But neither the court nor the directors were authorized to make an assessment so unequal and partial as the complaint shows

was made in this case; and the very intelligent counsel for the plaintiff did not claim that a partial and unequal assessment was valid, but he insisted that we must presume that the assessment was equal and fair; that the stockholders who had paid but two per cent. on their shares had paid other assessments so as to equalize all the calls, and make them forty per cent. We do not see how such a presumption can be made in view of the averments in the complaint, for it is distinctly alleged that some of the stockholders have paid forty per cent. of the par value of their shares, while many others have paid only fifty cents on each share,— in other words, have paid but two per cent. on the par value of the shares. With such a state of facts, how a horizontal assessment of thirty-five per cent. on all the shares can be said to be uniform and just passes our comprehension. It is certainly no "forced inference," from the complaint that the assessment alleged to have been made is illegal, and does not furnish a proper basis for this action. Nor can the fact that the call or assessment was made by the court in the suit before it change our conclusions as to its inequality and unfairness. A court by its decree cannot make that which is essentially wrong and unjust right and just. But it is said we must give full faith and credit to the proceedings of the Illinois court, and that we should not presume it would make an unfair and unequal assessment. But we must take the allegations of the complaint as we find them, and give them their obvious sense and meaning; and when it is stated that some of the shareholders have paid forty per cent. of their subscriptions, while others have paid but two per cent., and then proceeds to claim that a horizontal assessment of thirty-five per cent. is made on all shareholders alike, we think it fairly appears that an unequal and unjust assessment was made. We do not intend to express any definitive opinion as to the real effect of the decree of the Illinois court, or as to how far it

concludes the rights of shareholders who were not parties to that proceeding. Those questions are not now necessarily before us, and may be postponed until they arise. We confine our decision to the objection that the complaint shows an unlawful and illegal call or assessment upon Mr. Burnham, which should not be enforced. The demurrer to the complaint was well taken, and should have been sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

A motion for a rehearing was denied February 24, 1891.

CORPORATIONS; ASSESSMENTS ON STOCK.