MacKinnon and another, Respondents, vs. The Mutual Fire Insurance Company of Chicago, Appellant.

*August 31 — September 27, 1892.*

*Insurance against fire: Assessments: Waiver.*

1. The charter of a mutual fire insurance company provided that nonpayment of an assessment for *thirty* days after notice thereof should suspend the liability of the company on the policy during default. A policy provided that nonpayment for *twenty* days should have that effect. A copy of the charter provision was sent by the secre-

tary, with the notice of an assessment, to the holder of such policy. *Held*, that this was a waiver of the provision of the policy in that behalf. [Whether such provision of the policy was valid, not decided.]

2. A loss, in such case, having occurred within thirty days after notice of the assessment, the subsequent tender of the amount of the assessment, and its refusal by the company, are of no consequence.

APPEAL from the Circuit Court for *Wood* County.

The action is upon a policy of insurance issued by the defendant company to plaintiffs upon certain property which was destroyed by fire during the term of the policy. The only question litigated is, Had the policy become forfeited, or the obligations of the company under it suspended, when the loss occurred, by reason of the failure of plaintiffs to pay an assessment when it became due on the premium note of the plaintiffs given for the policy?

The policy was issued January 21, 1887, for five years, and the premium note of plaintiffs was for $500. An assessment (the first ever made by the company) of ten per cent. on all premium notes held by the company was duly made by its board of directors on December 16, 1889, and the secretary of the company was instructed by the board to notify each member of the amount of his assessment, and to proceed at once with the collection of the same. On December 23d the secretary mailed to plaintiffs a notice of such assessment of $50 on their premium note, with a request that they pay it at once, and further notified them that if such payment should not be made by December 30th the company would draw on them for the amount of the same. Plaintiffs received the notice the next day. The assessment remaining unpaid, the secretary drew a draft upon the plaintiffs therefor, dated December 30, 1889, payable at ten days' sight, which draft was never accepted or paid. On January 18, 1890, the insured property was destroyed by fire. The assessment had not then been paid or ten-

MacKinnon and another vs. The Mutual Fire Ins. Co. of Chicago.

dered, but the same was offered to the company by plaintiffs on January 21, 1890. The company refused to accept it.

The policy contained a stipulation to the effect that failure to pay an assessment within *twenty* days after the date of mailing the notice thereof to a policy holder should suspend the liability of the company on the policy while such assessment remained unpaid. It also contains a stipulation that the charter and by-laws of the company shall be a part of the policy, and are to be resorted to in order to determine the rights and obligations of the parties under it. The charter of the company contains the provision that such nonpayment of an assessment for *thirty* days after notice thereof shall have the same effect. The by-laws of the company are silent on the subject. Several documents were sent to the plaintiffs with the notice of assessment, among which was a copy of the above provision of the charter. The testimony tends to show that plaintiffs relied upon the copy of the charter provision thus sent them as giving them *thirty* days after such notice in which to pay the assessment.

The cause was tried by the court without a jury. Upon the foregoing facts (which are not controverted) the court found that plaintiffs had performed all the conditions of the insurance contract to be performed by them, and are entitled to recover the amount of their insurance, and gave judgment accordingly. The defendant company appeals from the judgment.

For the appellant there was a brief by *E. H. Ellis*, attorney, and *Myron H. Beach*, of counsel, and oral argument by *Mr. Beach.* They cited *Gorton v. Dodge Co. Mut. Ins. Co.* 39 Wis. 121; *Critchett v. American F. Ins. Co.* 53 Iowa, 404; *McIntyre v. Mich. State Ins. Co.* 52 Mich. 188; *Shultz v. Hawkeye Ins. Co.* 42 Iowa, 239; *Shakey v. Hawkeye Ins. Co.* 44 id. 540; *Garlick v. Miss. Valley Ins. Co.* id. 553;

MacKinnon and another vs. The Mutual Fire Ins. Co. of Chicago.

*Greeley v. Iowa State Ins. Co.* 50 id. 86; *Cont. Ins. Co. v. Daly*, 33 Kan. 601; *Robinson v. Cont. Ins. Co.* 76 Mich. 641.

*Geo. L. Williams*, for the respondents, to the point that the charter provision was controlling and amounted to a modification of all that was contained in the policy in conflict with it, cited 1 Wood, Fire Ins. sec. 1; 2 id. sec. 382.

LYON, C. J. Notice of the assessment in question was duly given the plaintiffs by mail, December 23, 1889, and the insured property was destroyed by fire January 18, 1890, which was more than *twenty* days, and less than *thirty* days, after such notice was given.

The finding of the circuit court that plaintiffs had performed all of the conditions of their contract with the defendant insurance company is equivalent to a finding that they made no default in the payment of the assessment. To sustain such finding the court may have determined either or both of two propositions. It may have determined that the provision in the charter of the company that its liability under the policy shall be suspended after thirty days' failure to pay the assessment is a limitation upon the power of the company to contract that failure to pay the assessment for a shorter period of the time shall work the same result, and hence that the twenty days stipulation in the policy is invalid; or the court may have sustained the validity of the stipulation in the policy, but held that the company, acting through its secretary, by serving upon plaintiffs a copy of the charter provision, without explanation, waived payment of the assessment in twenty days after notice thereof, and gave plaintiffs thirty days thereafter in which to pay it. Either of the above propositions being correct, there was no default by plaintiffs in the payment of the assessment, and no suspension of defendant's liability under the policy when the loss occurred, and the

MacKinnon and another vs. The Mutual Fire Ins. Co. of Chicago.

judgment should not be disturbed.  If both propositions are untrue, the judgment should be reversed.

The first of the above propositions, to wit, that it is not competent for the company to contract with its policy holders that nonpayment of an assessment for any time less than thirty days shall work a suspension of the liability of the company under the policy, will not here be determined.  It should be observed, however, in view of the fact that the by-laws of the company are silent on the subject, and the proofs fail to show that the company has ever adopted a rule, applicable to all policies issued by it, reducing the thirty days limit of the charter to twenty days, some of the members of the court have grave doubts of the validity of the twenty-days stipulation in the policy.  If the officers and agents of the company who issued the policy in suit may contract therein for a suspension of the liability of the company for nonpayment of an assessment within twenty days after a notice thereof, why may they not require another policy holder to pay in ten days after such notice or lose the indemnity of his policy? or why may they not give another policy holder three months or six months, or longer, in which to pay an assessment? Such practices would destroy the equality of rights as between policy holders, which is an essential principle of mutual insurance, often enforced by this court.  *G. W. Tel. Co. v. Burnham*, 79 Wis. 47; *Bowen v. Kuehn*, 79 Wis. 53; *Davis v. Paine L. Co.* 82 Wis. 488.  We leave the question above suggested undetermined, because we are satisfied that the obligation to pay the assessment in this case within twenty days after notice thereof was effectually waived by the company by the act of its secretary, who, besides being a general officer of the company, was specially authorized to collect this assessment.

The notice of the assessment was accompanied by a copy of the charter provision that nonpayment of an assessment

for thirty days after notice thereof would suspend the liability of the company under the policy during default. Manifestly, the object of serving upon plaintiffs a copy of this charter provision was to furnish them with evidence of the authority to make the assessment, and to point out to them their duty in respect thereto. One of those duties therein expressed is to pay the assessment within thirty days after notice thereof, under penalty, should they fail to do so, of a forfeiture of the right to any claim upon the company under the policy until they should pay the assessment. The testimony of plaintiffs tends to show that they relied upon the fact that this paper was served upon them by the company as giving them thirty days in which to pay the assessment.

• The notice of assessment contained no reference to a twenty-days limit, but requested payment thereof at once. A draft was drawn on the plaintiffs for the amount of the assessment, December 30, 1889, at ten days' sight, which was not accepted or paid by them. In these transactions there is no suggestion of a twenty-days limitation. Neither is there any such suggestion in the somewhat extensive correspondence between the parties after the loss, which was read in evidence. On the contrary, under date of January 20, 1890, the secretary wrote plaintiffs that their refusal to pay the draft for the assessment invalidated their policy and relieved the company from liability for their loss. Thus the forfeiture of the policy was claimed on the express and only ground that the draft was not paid. Yet the draft was not drawn with reference to any twenty-days limitation, and we find nothing in the contract which authorized the company to draw upon plaintiffs for the assessment.

When plaintiffs received notice of the assessment, and read the same and the documents inclosed therewith, they may justly have reasoned thus: " The company, in terms,

calls upon us to pay the assessment at once. It has no right to do so, for we have not agreed to pay it at once on receiving such notice. The company also tells us, if we do not pay by December 30th (seven days after service of the notice), it will draw upon us for the amount. This we have never authorized. Our policy contains a stipulation, in form, requiring us to pay the assessment in twenty days,— that is, by January 12, 1890. But this stipulation is of doubtful validity, and in its notice to us the company makes no claim under it, nor reference to it. But the company serves upon us a copy of the charter provision, giving us thirty days after notice of the assessment in which to pay it without affecting the liability of the company under the policy. This was doubtless done to apprise us of our duty in the premises. Manifestly, the company does not intend to assert that we are bound to pay this assessment at once, or to pay the draft which they may draw on us therefor a week hence, for it is certain we are under no such obligation. Neither does the company rely upon the twenty-days stipulation in the policy, for no reference is made to it in the notice and papers served upon us. It must be, therefore, that the company only requires us to pay within thirty days after notice, under the charter provision served upon us, which the company has never yet attempted to change or limit by resolution or by-law." It seems to us that this is precisely what the company did require of plaintiffs. But, whether it is or not, the company has placed itself in too equivocal a position to entitle it now to be heard to assert a forfeiture under the twenty-days stipulation in the policy.

Hence we conclude that, even though the twenty-days stipulation in the policy is a valid contract, it was effectually waived by the company. The loss having occurred within thirty days after the notice of the assessment, there was no suspension of the liability of the company on the

policy; and the subsequent tender of the amount of the assessment by plaintiffs, and the refusal by the company to accept it, are of no significance. *Seyk v. Millers' Nat. Ins. Co.* 74 Wis. 67.

*By the Court.*— The judgment of the circuit court is affirmed.