Germania Iron Mining Co. vs. King.

GERMANIA IRON MINING COMPANY, Respondent, vs. KING, Appellant.

*November 5 — November 24, 1896.*

*Corporations: Stock subscriptions: Calls: Notice: Construction of statute: Pleading.*

Sec. 1754, R. S. (providing that "unless otherwise expressly provided by law, or the articles of organization, the directors of any corporation may call in the subscriptions to the capital stock by instalments, in such proportion and at such times as they shall think proper, *by giving such notice thereof as the by-laws shall prescribe*"), superseded previous common-law methods of making calls; and in an action to recover a call under it, a complaint which does not allege that the call was made by giving such notice thereof as the by-laws of the corporation prescribe, does not state a cause of action.

APPEAL from an order of the circuit court for Iron county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Action to recover a fifth instalment of ten per cent. of the subscription for sixty-five shares of the capital stock of the plaintiff company, amounting to $650. The complaint shows that four previous calls for instalments on the subscription had been made and paid, and alleges that October 12, 1892, a further instalment of $10 per share on the stock of the company was duly called in by the board of directors, the resolutions calling in the same being attached to and made a part of the complaint, and were: First, a resolution passed October 12, 1892, at a stockholders' meeting, authorizing the directors to levy an assessment of $10 per share upon the capital stock of the company, payable forthwith; and, second, a resolution adopted at a directors' meeting held the same day, whereby, pursuant to such resolution of the stockholders' meeting, such assessment of $10 per share upon the capital stock of the company was levied, payable November 1, 1892. It is alleged that the defendant had due notice

Germania Iron Mining Co. vs. King.

of such assessment October 25, 1892, and demand was made for the same. It appeared from the complaint that the board of directors, by the articles of incorporation, " had power to make all convenient by-laws, rules, regulations,. and provisions respecting the management of the property and business as well as the stock of said corporation, not inconsistent with such articles or the laws of the state, or of the United States, and might alter or repeal the same at pleasure," etc. The defendant demurred to the complaint. on the ground that it did not state facts sufficient to constitute a cause of action, and the only objection made was that it did not appear that prior to November 1, 1892, the board of directors of the corporation plaintiff had passed any by-law for calling in the subscriptions to its stock by instalments, or prescribing what notice should be given of the calling in of the same. The defendant appealed from the order overruling his demurrer.

The cause was submitted for the appellant on the brief of *Thomas H. Gill,* and for the respondent on that of *E. A. & J. O. Hayes,* attorneys, and *W. P. Lyon,* of counsel.

Counsel for the respondent contended, *inter alia,* that all general regulations affecting the stockholders only, if made by the proper authority, are by-laws. *State v. Overton,* 24 N. J. Law, 440. The action of the board in making this. call must therefore be considered a by-law within the meaning of sec. 1754, R. S. Thomp. Corp. § 943; *Drake v. H. R.. R. Co.* 7 Barb. 508; *Ogden Clay Co. v. Harvey,* 9 Utah, 497;. *Thompson v. Reno S. Bank,* 19 Nev. 171; Field, Corp. § 305; *Braddock v. P., M. & M. R. Co.* 45 N. J. Law, 363; *People ex rel. Muir v. Throop,* 12 Wend. 183.

PINNEY, J. The defendant's contention is that the provisions of R. S. sec. 1754, by which, " unless otherwise expressly provided by law, or the articles of organization, the directors of any corporation may call in the subscriptions to

the capital stock by instalments, in such proportion and at such times as they shall think proper, *by giving such notice thereof as the by-laws shall prescribe,*" etc., are mandatory, and that such notice could not be given until a by-law had been adopted prescribing the substance and manner of giving such notice. The subscription of the defendant, it would seem, was not, when made, presently due, nor does it appear that there was any express provision by law, or in the articles of association, as to the time of payment. There is no law, or provision of the articles of incorporation, prescribing the particular manner in which the authority to make by-laws should be exercised. By-laws are rules to regulate the management of the affairs of the corporation, that it may more readily and conveniently fulfill the purposes for which it was created, and the power to make them exists at common law. They may be of general or of limited duration, according to the necessity or convenience of the corporation, but must apply to all the members of the corporation alike; and it seems that by-laws may be adopted as well by the acts and conduct of the corporation as by express vote or adoption in writing, unless it is otherwise provided. Angell & A. Corp. § 328; Field, Corp. § 305; *Union Bank v. Ridgely,* 1 Har. & G. 324; *People v. Throop,* 12 Wend. 186. A regulation made by the directors in this case as to the time when any particular instalment of capital stock should be paid, if applicable alike to all such subscriptions, would be in substance and effect a valid by-law regulating the stock of the corporation. A call is an official declaration by the directors that the sum subscribed, or any specified instalment thereof, is required to be paid, and the call is ordinarily made effective by notice thereof to the subscribers, in accordance with the by-laws or general regulation of the corporation on that subject. *Braddock v. P., M. & M. R. Co.* 45 N. J. Law, 364, 365. The essential thing required is that the call shall be general, extending to all sub-

Germania Iron Mining Co. vs. King.

·scriptions, and that the subscribers shall have notice thereof. Here the directors had power to make the call, and also to make a general regulation or determination as to when the call should be payable. It is said in Cook, Stock, § 104, that the term "call" is used with different meanings, and " may refer to the resolution of the officials that a part or the whole of the subscription must be paid, or to the resolution and notification thereof, or to the combination of facts making the parties called on liable to an action for the nonpayment of the money called." As a general rule, a call must be made in order to render a subscription, or any part of it, due. The subscription is a debt payable at a future time. The time when it shall be paid is indefinite until fixed by a call. Thomp. Corp. §§ 1750, 1751. In *Bank of South Australia v. Abrahams,* L. R. 6 P. C. 265, the court said: " The company has no absolute right, and a shareholder is under no absolute liability to pay. The right only arises if and when calls are made by the directors. . . . The due making of a call by the resolution of a board of directors is an essential condition precedent." *Grissell's Case,* 1 Ch. App. 528–535. The statute under consideration recognizes the necessity of a call, and that a notice thereof is necessary. A call without notice to the subscriber is practically no call at all. A call cannot be made so as to affect a part only of the subscribers; it must be made on all alike, or it will be void. *Pike v. B. & C. S. L. R. Co,* 68 Me. 445; *Great W. Tel. Co. v. Burnham,* 79 Wis. 47–51. And it seems that it has been held that a call need not indicate when, or to whom, or where payment is required to be made; that these are to be stated in the notice. Cook, Stock, §§ 114, 115. Unless a uniform call or notice is made or given, it is apparent that the directors may practice favoritism and act oppressively. In New York it is not entirely clear from the decisions whether notice of a call must be given, and in some other states notice does not ap-

Germania Iron Mining Co. vs. King.

pear to be necessary (Cook, Stock, § 117), but the better reason and weight of authority requires it.

The provisions of sec. 1754, R. S., were intended, we think, to provide a definite rule on the subject, and to avoid the conflict and uncertainty of previous decisions; and under it the call is made complete and effective by giving "*such notice* thereof as the by-laws shall prescribe."

There is nothing in the complaint to show that any by-law, resolution, or regulation of the corporation on that subject, either written or customary, ever existed. We think the want of such allegation renders the complaint fatally defective. The fact that notice was given October 25, 1892, of a call payable the 1st of the next month, does not satisfy the statute, in the absence of a by-law making notice for that length of time sufficient. If the subscription is payable only upon call, it is plain that such call, in the absence of any specific agreement as to the time of payment, must be made in conformity with the statute on this subject. We cannot say that any other method than the one pointed out in the statute would suffice. We hold, therefore, that it was intended that the statutory method of making calls should supersede previous common-law methods, and to prescribe a uniform and reasonable rule easily complied with. For the reason that it does not appear from the complaint that the call in the present case was made by giving such notice thereof as the by-laws of the corporation prescribe, the demurrer ought to have been sustained. For these reasons the order overruling it must be reversed.

*By the Court.*— The order appealed from is reversed, and the cause remanded for further proceedings according to law.