North Milwaukee Town Site Co. No. 2 vs. Bishop.

NORTH MILWAUKEE TOWN SITE COMPANY No. 2, Appellant, vs. BISHOP, Respondent.

*June 3 — June 22, 1899.*

*Corporations: Stock subscriptions: Calls: Notice: By-laws, who may adopt.*

1. A resolution of a board of directors of a corporation providing for calling in unpaid stock subscriptions, to be paid, "either in cash or by a promise to pay in the form of a land contract or contracts,"

North Milwaukee Town Site Co. No. 2 vs. Bishop.

is too indefinite to constitute a valid call.  It fails to show at whose option the stockholder may pay in cash or land contract, prescribes no conditions and fixes no terms by which the directors are to be governed in the settlement of the balance due the corporation, and is not impartial and uniform.

2. In an action to enforce payment under such call a nonsuit is proper where there is no proof of giving notice of such call according to the by-laws of the corporation.

3. A call for the unpaid subscription to stock of a corporation having been made, the notice required by sec. 1754, Stats. 1898, to be given as the by-laws shall prescribe is not properly given where the secretary followed the instructions contained in a resolution of the board of directors, adopted after the resolution providing for the call, no by-law on that subject having ever been adopted by the corporation.  Such resolution·cannot take the place of a by-law.

4. Unless taken away by the charter or some law of the state, the power to enact suitable by-laws rests alone in the stockholders of the corporation and not in the board of directors.  Expressions to the contrary in *In re Klaus*, 67 Wis. 401, held *obiter*, and overruled.

APPEAL from a judgment of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge.  *Affirmed.*

The plaintiff is a corporation.  The defendant is the owner of fifty-eight shares of its capital stock, of the par value of $100, upon which assessments to the amount of $54 have been paid.  On April 20, 1896, the plaintiff's board of directors adopted the following resolution:

" Resolved, that a call be, and hereby is, made upon the unpaid portion of subscription for stock in this company, amounting to $46 per share, the same to be paid thirty days from date, either in cash or by a promise to pay in the form of a land contract or contracts; and when the same shall be paid that the stock shall be shown as full-paid on the books of the company; and the secretary is hereby directed to proceed and use all legal means necessary for the collection of any unpaid portion of said call, and, if any party refuse or neglect to make such payment, proper steps be taken to advertise and foreclose the stock upon which such payment shall not have been made."

North Milwaukee Town Site Co. No. 2 vs. Bishop.

At the same time the board passed the following resolution: "Resolved, that the secretary be, and hereby is, instructed to notify the stockholders of this company of said call by mailing to each stockholder a copy of said resolution."

The defendant failed to pay the call so made, and this action was commenced to enforce payment. After hearing the plaintiff's evidence, the court granted a nonsuit. From a judgment for defendant, the plaintiff appeals.

For the appellant there were briefs by *Quarles, Spence & Quarles*, and oral argument by *George Lines*.

For the respondent there was a brief by *W. J. Turner* and *Lynn S. Pease*, and oral argument by *Mr. Pease*.

BARDEEN, J. The judgment of nonsuit was justified upon either of two grounds:

1. The proof fails to show a valid call. The resolution of the board of directors provides that the stockholder may pay either in cash or " by a promise to pay in the form of a land contract or contracts." Just what was intended by the statement quoted is not apparent. Its indefiniteness is sufficient to condemn it. The resolution fails to show at whose option the shareholder may pay in cash or land contract. It prescribes no conditions, and fixes no terms by which either the board of directors or stockholders are to be governed in settlement of the balance due the corporation. Calls of this kind should be uniform in their operation, and not of such a character as to permit the directors to practice favoritism or act oppressively. *Germania I. M. Co. v. King*, 94 Wis. 439. It is not to be understood that a call may not be so made that the shareholder may pay in money or money's worth. The chief requisites are that it should be impartial and uniform, and sufficiently definite to enable the stockholder to comply with its requirements.

2. No proof was made of giving notice of such call accord-

ing to the by-laws of the corporation.   Sec. 1754, Stats. 1898, provides that, "unless otherwise expressly provided by law or the articles of organization, the directors of any corporation may call in the subscriptions to the capital stock by instalments, in such proportion and at such times as they shall think proper, by giving such notice thereof as the by-laws shall prescribe."

It was admitted on the trial that no by-law of the corporation in this regard had ever been adopted.   The action of the board was attempted to be justified, however, by showing that the board, after adopting the resolution for the call, adopted another resolution instructing the secretary to notify each stockholder thereof by mailing to him a copy of said resolution.   This latter action of the board is claimed to be equivalent to a regular by-law, and answers all the purposes of the statute.   The difficulty with this contention is that the board of directors have no power to enact by-laws unless so authorized by law, by the articles of organization, or by proper action of the stockholders.   A by-law is a permanent and continuing rule for the government of the corporation and its officers.   The power to enact them resides primarily with the stockholders.   They have few functions to perform, and this right to make by-laws is an essential and an important one.   It is a power that the directors have no inherent right to exercise.   This is the rule laid down by the textwriters, and finds ample support in the authorities cited in the following works: 2 Cook, Stock, § 700a; 1 Thomp. Corp. § 956; Ang. Corp. § 327.   In the *Germania Case* cited, it is said: "We hold, therefore, that it was intended that the statutory method of making calls should supersede previous common-law methods, and to prescribe a uniform and reasonable rule easily complied with;" and it was accordingly held that a complaint which did not allege that a call was made by giving such notice as the by-laws prescribed fails to state a cause of action.   For the same

reason such an action cannot be sustained until *proof* is made in conformity to these requirements. It is argued, however, that because sec. 1776, R. S. 1878, provides that "the stock, property, affairs, and business" of every corporation shall be under the care of and be managed by a board of directors, the power to enact proper by-laws may be implied therefrom. As before intimated, the power to make by-laws is incident to the corporation itself, and results from the necessity of such a power to enable the body politic to answer to the purposes for which it was created. It being a valuable and important right, it ought not to be taken away by inference or implication. The power given to the directors to control the stock and business of the corporation may exist, and be entirely consistent with the power of the stockholders to say upon what terms and conditions the stock of the corporation shall be paid for and issued. We therefore hold that, unless taken away by the charter or some law of the state, the power to enact suitable by-laws rests in the stockholders of the corporation, and not in the board of directors. Our attention has been called to some expressions used in the opinion in *In re Klaus*, 67 Wis. 401, to the effect that the directors, and not the stockholders, may make the by-laws. As we have seen, this statement of the law is contrary to all of the adjudicated cases, and cannot be sustained on principle, and was in fact not necessary to the question decided. In that regard it must be deemed to be overruled.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.