LA CROSSE BROWN HARVESTER COMPANY, Respondent, vs. GODDARD, Appellant.

*May 13—June 19, 1902.*

*Corporations: Payment for stock in property: Assessments: Pleading.*

1. The twenty per centum of the par value of one half of the capital stock, which, under sec. 1773, Stats. 1898, must have been actually paid in before a corporation may transact business with others than its members, may be paid in labor or property estimated at its true money value.

2. An allegation that calls or assessments on corporate stock were made by the directors pursuant to the by-laws of the company and pursuant to the authority in them vested, and that defendant had due and personal service and notice thereof, is *held*, on demurrer, sufficiently to allege that the assessments were made and notice thereof given as prescribed by the by-laws of the corporation.

3. An allegation that a certain percentage of the par value of stock was assessed upon each and every share, sufficiently shows that the assessment was equal and uniform upon all subscribers to the stock.

APPEAL from an order of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Morris & Hartwell,* and oral argument by *Thomas Morris.*

For the respondent there was a brief by *C. W. Graves* and *E. C. Higbee,* attorneys, and oral argument by *Mr. Graves.*

CASSODAY, C. J.   This is an appeal from an order overruling a demurrer to the complaint in an action to recover $250, the amount of the second and third assessments on ten shares of the capital stock, of $100 each, subscribed by the defendant in the plaintiff corporation. The complaint alleges, in effect, that August 18, 1897, the defendant and others associated to manufacture a patent machine known as "Brown Binder," and subscribed to an agreement whereby they respectively promised to pay for the number of shares set oppo-

site their respective names, at the par value of $100 per share, in such corporation to be thereafter organized, such corporation to have 2,000 shares of $100 each; that 1,000 shares were to be issued to the owners of the patent, who were, in consideration therefor, to assign the patent to the corporation, and the same were to remain non-assessable, and to be issued as fast as assessable stock should be subscribed; that the other 1,000 shares were to issue to subscribers to be paid for in cash, upon assessments from time to time as needed and required, as therein provided; that additional and assessable stock might be authorized in cash not less than par; that there was to be no change in the binder without the consent of the inventor, but all improvements were to belong to the corporation; that subscribers were not to be liable until, on investigation, the patent was found to cover the machine patented, and not an infringement of any other patent; that the board of directors were to be elected by a two-thirds vote; that the owners of the patent agreed to accept nine shares of stock for every ten shares subscribed, until 1,000 shares of assessable stock should be issued; that the defendant, at the time of signing such agreement, subscribed for ten shares of stock of $100 each in the corporation to be thereafter organized; that December 9, 1897, the plaintiff was incorporated by the defendant and others, and that verified articles of incorporation were duly recorded in the register's office, December 9, 1897, and filed in the office of the secretary of state, December 16, 1897; that January 5, 1898, the corporation was organized, and the defendant participated in the election of officers, and was elected as one of the directors; that more than one half of the capital stock had been duly subscribed, and twenty per cent. of the par value thereof actually paid in "in money and property estimated at its true money value;" that the investigation mentioned had been had, and the report thereof accepted, ratified, and approved at a general meeting of the subscribers, at which

the defendant was present and participated; that thereafter, and before any assessment was made upon the capital stock subscribed, the owners of the patent assigned the same to the corporation, with all rights and privileges under the same, together with all patterns and machines, all of which became and are the property of the plaintiff; that, relying upon such subscription of the defendant and others, the plaintiff had expended money and incurred liabilities in the construction and introduction of the Brown binder to the amount of $5,000; that pursuant to the by-laws of the plaintiff, and the power vested in them, the directors had made three several calls or assessments upon the subscribers to the capital stock for the purpose of meeting the needs of the corporation, the first of which had been duly paid by the defendant; that January 6, 1900, the directors duly made and voted a second assessment of ten per cent., or $10, on every share so subscribed, and upon the subscribers thereto, to be paid January 25, 1900, and that the defendant had due and personal notice thereof January 15, 1900; that March 6, 1900, the directors duly made and voted a third assessment of fifteen per cent., or $15, on every share of stock so subscribed, and upon the subscribers thereto, to be paid April 15, 1900; and that the defendant had due and personal notice thereof April 5, 1900; that such last two calls or assessments amounted to $250; that, although the same became due and payable as stated, yet the defendant had not performed his agreement, and had wholly omitted, neglected, and refused to pay any portion of either of such assessments, and that the defendant is justly indebted to the plaintiff on account thereof in the sum of $250, with interest upon each assessment from the time it became due; and demanded judgment accordingly.

1. In support of the demurrer counsel seem to rely on *Anvil M. Co. v. Sherman*, 74 Wis. 226, 42 N. W. 226, in which it was held that "in an action to recover a call or assessment the complaint must aver compliance with sec. 1773"

of the statutes, wherein it is declared that "no such corporation shall transact business with any others than its members until at least one half of its capital stock shall have been duly subscribed, and at least twenty per centum thereof actually paid in." *Milwaukee B. & C. Co. v. Schoknecht,* 108 Wis. 464, 84 N. W. 838. But the complaint does allege "that more than one half of the capital stock of said corporation has been duly subscribed and twenty per cent. of the par value thereof actually paid in, in money and in property estimated at its true money value." In fact, the complaint goes still further, and alleges, in effect, that before any assessment was made upon the capital stock subscribed one half of such capital stock had been subscribed by the owners of the patent; and that they had paid into the corporation the whole thereof by assigning the patent to the corporation. The contention that the complaint fails to allege when one half of the capital stock was subscribed and when the twenty per centum thereof was actually paid in is without foundation.

2. Counsel further contends that the complaint "is fatally defective in not alleging that the twenty per centum was paid in cash." But the statute expressly authorized such stock to be issued "in consideration of money or labor or property estimated at its true money value." Sec. 1753, Stats. 1898, as amended by ch. 193, Laws of 1899. The two sections of the statutes cited must, necessarily, be construed together, and, when so construed, they authorize stock to be issued for property or labor as well as cash. This has frequently been sanctioned by this court. *Whitehill v. Jacobs,* 75 Wis. 474, 44 N. W. 630; *Nat. Bank of Merrill v. I. & W. L. Co.* 101 Wis. 247, 77 N. W. 185. See, also, *Milwaukee C. S. Co. v. Dexter,* 99 Wis. 229, 230, 74 N. W. 976; *Spaulding v. North Milwaukee T. S. Co.* 106 Wis. 489, 81 N. W. 1064; *Van Cleve v. Berkey,* 143 Mo. 109, 44 S. W. 743, 42 L. R. A. 593.

3. It is further contended that the complaint is defective

in failing to allege that such assessments were made and notice thereof given as prescribed by the by-laws of the plaintiff corporation. In support of such contention counsel cite sec. 1754, Stats. 1898, and *Germania I. M. Co. v. King,* 94 Wis. 439, 69 N. W. 181; *North Milwaukee T. S. Co. v. Bishop,* 103 Wis. 492, 79 N. W. 785. But the complaint does expressly allege that the directors of the plaintiff made the "three several calls or assessments pursuant to the by-laws of said company, and pursuant to the power and authority in them vested," and for the purpose of meeting "the needs of said corporation;" and that the defendant had due and personal service and notice of the said calls or assessments so required.

4. Counsel contends that there is a failure to allege in the complaint that "the assessments or calls were equal and uniform upon all subscribers to the capital stock." But the complaint alleges in each instance that the per cent. named was so assessed upon each and every share. We must hold that the complaint states a good cause of action.

*By the Court.*—The order of the circuit court is affirmed.