G. W. VAN ATTEN, Appellee, v. THE MODERN BROTHERHOOD OF AMERICA, Appellant.

**Mutual benefit associations:** AMENDMENT OF CONSTITUTION. The board of directors of a mutual benefit association authorized by its constitution simply to adopt such by-laws as may be necessary, not in conflict with its fundamental law, has no power to amend or alter a provision of the fundamental law.

**Same:** VESTED RIGHTS. A mutual benefit association although authorized by its fundamental law to amend its provisions can not by such amendment impair or destroy a vested right.

**By-laws:** AMENDMENT. Where the directors of an association can not amend the by-laws except by a two thirds vote, a provision not shown to have been so adopted will be held ineffective by the courts.

*Appeal from Fayette District Court.*— HON. L. E. FELLOWS, Judge.

WEDNESDAY, JULY 11, 1906.

ACTION at law upon an accident benefit certificate in the defendant company for an amount agreed to be paid for the breaking of an arm. Defendant denied that plaintiff's arm was so broken as to entitle him to recover. The case was

tried to the court, resulting in a judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Blythe, Markley & Rule* and *Clements & Clements,* for appellant.

*Ainsworth, Dykins & Estey,* for appellee.

Deemer, J.— Plaintiff received an injury, breaking one of the bones of his forearm.   The acident occurred September 23, 1900.   His certificate was issued July, 1898, and provided that if a member in good standing should accidently break his arm or leg, he should receive " one-tenth the amount his beneficiary would have been entitled to receive in case of the death of the member."   The certificate also contained this provision:   " This certificate, the articles of incorporation, the fundamental laws, by-laws, rules, and regulations of the society now in force, or which may be hereafter adopted, and the application for membership, including physician's report, a copy of which is hereto attached, shall together constitute the exclusive contract between this society, the member, and the beneficiary."

Defendant relies upon what is called Section E. Division 13, of its fundamental law, reading as follows:   " It will pay, within ninety days from the receipt of satisfactory proofs of the accidental breaking of an arm or leg, one-tenth the amount the beneficiary would have been entitled to in case of death of the member, provided that complete and satisfactory proofs of such accidental injury shall be filed with the supreme secretary within thirty days of such accident.   The breaking of an arm for which payment will be made is specifically defined to be the breaking of the shaft of the bone of the arm between the shoulder and elbow joints, or the breaking of the shafts of both bones between the elbow and wrist joints."   This was adopted by defendant's board of directors, in lieu of the provisions of

the original certificate and of the so-called by-laws, which did not in any manner define what should constitute such breaking of arm or leg as would make defendant liable; the adoption having taken place on August 15, 1899. Defendant itself did not accept the change or adopt it until the meeting of what is called its " Supreme Lodge " in October of the year 1900. The original section E, division 13, was found in what defendant denominated and chose to call its " Fundamental Laws;" and the order of substitution by the board of directors denominated the amendment " a by-law." If this amended section of the fundamental law was binding upon plaintiff at the time he received his injury then it is manifest that he cannot recover; for the shafts of both bones in his forearm were not broken. So that the one inquiry in the case is: Is this amendment binding upon him?

Section 8 of defendant's articles of incorporation provides that " the board of directors may at any regular meeting adopt such by-laws as may be necessary, the same not to conflict with the fundamental laws of the fraternity."

Among the so-called fundamental laws we find the following:

Sec. B. The articles of incorporation or fundamental laws of this fraternity may be amended by the supreme lodge at any regular or special meeting thereof, by a two-thirds vote of those present and voting.

Sec. C. The board of directors may at any regular meeting adopt such by-laws as may be necessary, provided, that they do not conflict with the fundamental laws of the fraternity, and until the first convention of the supreme lodge, the board of directors may, by a two-thirds vote, amend the articles of incorporation or fundamental laws of the fraternity, and all such amendments made by the board of directors, shall be in full force and effect until repealed or set aside by action of the supreme lodge.

The records of the directors show that at a regular meeting of the board held on August 4, 1899, the following

proceedings were had: "Resolved, that section E, division 13, of the fundamental laws, be and the same is hereby repealed, and the following enacted in lieu thereof: [Division 13, section E.] Resolution carried." When the supreme lodge met in October of the year 1900, that body unanimously ratified the action of the board with reference to its amendments to the so-called by-laws.

It will be noticed that defendant's articles of incorporation provide that the board of directors may make such by-laws as may be necessary, the same not to conflict with the

1. MUTUAL BENE-
FIT ASSOCIA-
TIONS: amend-
ment of con-
stitution.

fundamental laws of the fraternity, and that section E of division 13 was denominated a "fundamental law." This was the authority, and the only authority, conferred upon the board of directors. In amending or substituting another section of the fundamental law, the board was clearly acting without authority. Having no authority from the articles to amend the fundamental laws, it could not give itself such authority by saying that it had the power, as it attempted to do by the so-called by-law adopted in July, 1897. Moreover, it is fundamental that a by-law cannot be so made as to destroy or impair a right. It is nothing more than a provision for the internal management of a corporation. *Kirkpatrick v. Keota Church,* 63 Iowa, 372; *Peck v. Elliott,* 47 U. S. App. 605 (79 Fed. 10, 24 C. C. A. 425, 38 L. R. A. 616); *Com. v. Turner,* 1 Cush. (Mass.) 493.

But we need not go into this as a matter of general law, for the members agreed, by and through the articles of incorporation, that the board of directors could not make by-laws in conflict with the fundamental laws; and it is clear that this was what the board attempted to do in adopting a substitute for section E, division 13, before referred to. We may assume that the body itself, acting as a supreme lodge, might change its fundamental laws; but, as this was not done or attempted until after plaintiff received his injuries and his rights became vested, such action did not and could not affect

him. True, the fundamental laws were adopted by the board of directors, and provided for their own amendment by the board; but, as amendment was prohibited by the articles of incorporation, it is clear that the board could not give itself power of amendment.

Appellant's contention that a board of directors has inherent power to make by-laws is answered by what has already been said. If its powers are limited by the articles of incorporation, that limitation is valid and binding, and under its inherent power it cannot destroy the rights of either its members or of third persons. It may regulate or control the exercise of these rights, perhaps; but it cannot destroy them. By-laws of a business corporation are primarily for its internal government and management, and cannot be adopted for the purpose of changing the nature of the business, or of depriving members of their fundamental rights. These by-laws, so-called, which fixed defendant's rights and liabilities to its members, were and are of necessity fundamental laws, no matter what they may be called, and in this case it so happens that they are called " fundamental laws." If these were not fundamental laws, we do not know to what the articles of incorporation refer. Power to change these was expressly prohibited in the articles of incorporation. Citation of authorities is hardly necessary in support of these propositions; but we may refer to the following as more or less in point: *Sieverts v. Association,* 95 Iowa, 710; *North Co. v. Bishop,* 103 Wis. 492 (79 N. W. 785, 45 L. R. A. 174); *Ireland v. Globe Co.,* 19 R. I. 180 (32 Atl. 921, 29 L. R. A. 429, 61 Am. St. Rep. 756); *State v. Ferguson,* 33 N. H. 424; Morawetz on Corp. section 499.

2. SAME: vested rights.

One other point may be noticed. The fundamental laws provide that they cannot be amended, except by a two-thirds vote of the members of the board. It does not appear that the substitute or proposed amendment received the necessary two-thirds vote. This

3. BY-LAWS: amendment.

in itself would be fatal to appellant's contention; but, aside from this, the change in the fundamental laws was not so made as to affect plaintiff's right to recover under the terms of his certificate and the fundamental laws as they existed when that certificate was issued.

The judgment allowing plaintiff the amount promised in his benefit certificate is correct, and it is *affirmed.*