SAMUEL SIVIN et al.

*v.*

THE MUTUAL MATCH COMPANY et al.

[Decided May 14th, 1907.]

The stockholders of a going corporation who have not paid up their stock in full cannot maintain an action to compel other stockholders to pay up unpaid stock.

Heard on bill, answer, replication and proofs.

*Mr Merritt J. Lane,* and *Mr. Kaplan* (of the New York bar), for the complainants.

*Mr. Joseph Kahrs* and *Mr. Nathan Bilder,* and *Mr. Max D. Steuer* (of the New York bar), for the defendants.

EMERY, V. C.

The principal object of this bill, which is filed by several stockholders of the Mutual Match Company, is to compel the defendant stockholders to pay up in full and to par value the stock issued to them. The defendant stockholders control the management of the company and the company is made defendant. The bill alleges that the complainants' stock was purchased or taken on the false representation by the defendant stockholders that the defendants' stock was fully paid up in cash or property to the full value thereof. But the proofs show that this charge was unfounded, and they also show, as I conclude, that none of the stock issued, either that to complainants or defendants, is full paid, but was issued mainly for property purchased on a basis of valuation of about $2.50 of stock to one dollar of money invested, or value of property transferred. The complainants acquired their stock as full paid in connection with the con-

37 .

veyance of property to the Mutual Match Company by the Columbia Match Company, in which complainants were stockholders, and it appears satisfactorily that they received this excessive amount of stock in order to put their relative interests in the Mutual company on substantially the same basis as the stock of the Mutual company already issued and proposed to be issued to the defendants, on completing the practical amalgamation or consolidation of the two companies, by a sale of the assets of the Columbia company to the Mutual company. As against creditors of the Mutual company, or any person suing in the right of creditors, and for the payment of the company's debts, none of the stock would be considered as paid-up stock under the statute, and all of the stockholders, complainants as well as defendants, would be liable ratably for the payment of the debts. This liability of stockholders to creditors is, however, worked out by an accounting of the debts to be paid, and the proportionate liability of each stockholder. If the company is in insolvency, the ratable liability is determined by a judicial hearing, ascertaining the quota due from each stockholder for the payment of all the debts—*Cumberland Lumber Co.* v. *Clinton Hill, &c., Co.,* 58 *N. J. Eq.* (*12 Dick.*) *627, 630* (*Court of Errors and Appeals, 1898*)—and if no receiver has been appointed, then by a bill in equity for an accounting to which the creditors and stockholders are parties. *Wetherbee* v. *Baker, 35 N. J. Eq.* (*8 Stew.*) *501, 506* (*Court of Errors and Appeals, 1882*).

In the present case the company is a going company, and the management of its affairs, including the right to call for payments on unpaid stock, is in the directors of the company. *Corporation act, Rev., P. L. 1896 p. 284* § *22.* According to some authorities such assessment when made should be made ratably on all the stockholders liable. *3 Thomp. Corp., 79 Wis. 47; 47 N. W. Rep. 373,* where a bill showing an unequal assessment was held to be demurrable. *Ibid.,* § *3539.*

In this aspect of it the object of the bill is not to require an assessment by the directors on all unpaid stock, but for a direct decree to compel defendants, and defendants alone, to pay up their unpaid stock, and if such decree should be made, without

complainants also making any payments on their stock, it would result, of course, in giving complainants the substantial benefit of defendants' payments. So long as the company is a going concern, the court will not interfere on behalf of a stockholder who is in the same default, simply to compel another stockholder to pay up his unpaid stock.

There is no express statutory liability of one stockholder to another for the payment to the company of unpaid stock (as in the case of creditors—*Corporation act, Rev. 1896 § 21*), and the stockholder suing in the right of the company must not only establish the company's right to compel payment, but his suit is also subject to the application of the maxim, that he must come into equity with clean hands. The general rule is that a stockholder in the same default or participating in an alleged illegality or fraud, is estopped even from obtaining a decree in the company's right. *4 Thomp. Corp. § 4497.* And as the complainants' default appears from the evidence necessarily taken as to the circumstances of the issue of their stock, the maxim withholding relief must be applied by the court in the exercise of equitable jurisdiction, whether the defence is specially pleaded or not.

If in the proper management of the company as a going concern, the duty to resort to the liability of a stockholder for payments on his unpaid stock should be shown, and it should also be shown that the directors, in violation of their duties and trusts to the company, or even to the stockholders who had paid in their stock in full, neglect or refuse to make such call, a court of chancery might, through a receiver or otherwise, make the assessment and call on the unpaid stock. But ordinarily such call or assessment would be made ratably on all stockholders liable. Such case or contingency should not be prejudged or affected by any refusal to compel payment in this case. So far, therefore, as the bill seeks to compel this payment, I will advise a decree of dismissal, but as the bill is filed in right of the company, the dismissal will be without prejudice to any bill or suit by the company, or on its behalf, after an assessment or call duly made on the defendants, or either of them, or to any bill or suit by or on behalf of the company, in the right of creditors of the company, or by or

on behalf of the company by any stockholders other than the complainants.

The bill also sought to have a mortgage of $12,000, held by defendant Cassel Cohen upon lands of the company, declared to be without consideration. This allegation was not sustained by the proofs, and at the oral argument no special relief against the mortgage was claimed. In the briefs sent in counsel for complainants, however, ask a reference to ascertain the amount due, and before advising a decree I will hear counsel (orally or by brief) on the right to any decree in this suit for relief touching this mortgage.