COLUMBUS INSTITUTE OF MILWAUKEE, Respondent, vs. CONOHAN, Appellant.

*October 6—October 24, 1916.*

*Corporations: Subscriptions for stock: Ambiguity: Payment in instalments: Calls, when unnecessary: Statute construed: False representations inducing subscription: Materiality: Ratification of contract: Trial: Reopening case: Harmless error.*

1. A subscription for a certain number of "shares of the capital stock" of a corporation which issued both preferred and common stock cannot be held void for ambiguity or uncertainty where it appears that, at the time of signing, the subscriber knew that all of the common stock had been taken and that nothing but preferred remained.

2. In the absence of restrictions in its charter or the general law of the state, a corporation may accept and enforce stock subscriptions payable in instalments.

3. Sec. 1754, Stats., providing for the making of calls by directors, is intended to fix the time of payment of a general subscription which fixes no time therefor; and where the subscription contract fixes such time a call by the directors is unnecessary.

4. A representation, alleged to have been made to and relied upon by a subscriber for stock, that none but members of a certain fraternal order could buy stock or hold office in a corporation

formed for the purpose of erecting a clubhouse, is *held*, even if made and false, to have been in this case immaterial.

5. In such a case, payments on the subscription contract more than a year after it was made and after the subscriber had had ample opportunity to learn the facts, were a ratification of the contract.

6. The opening of a case after both parties had rested, for the purpose of admitting formal evidence which added nothing of substance to the case, was not a prejudicial error even though defendant's counsel was not present, no claim being made that there was anything in such evidence which he could have met or desired to meet by proof.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of the circuit court affirming a judgment of the civil court for the balance due upon two subscriptions to the capital stock of the plaintiff. The facts were these: The plaintiff is a domestic corporation organized in August, 1910, for the purpose of erecting and holding the title of a building in Milwaukee to be used as a clubhouse by the two local lodges of the Knights of Columbus, which is a fraternal order incorporated under the laws of Connecticut. The capital stock of the plaintiff corporation was originally fixed at 5,000 shares of $10 each, of which 4,000 shares were to be preferred stock and 1,000 common. About two years later the amount of preferred stock was increased to 11,500 shares. Before any preferred stock was offered for sale the entire issue of common stock was subscribed for and taken in equal shares by the two local councils of the order. This action was generally known by the members of the order and appears by the records of the two councils, the defendant being a member of one of such councils. The preferred stock was then offered for sale and the defendant signed a subscription paper by which he agreed to take ten shares "of the capital stock of the corporation" and pay $10 per share therefor in five equal annual payments of $2 per share, due at specified dates beginning October 1,

1910, and ending September 1, 1914. This subscription with others was formally accepted by the corporation September 15, 1910. The defendant paid the first instalment May 22, 1911, and the second October 14, 1911, but no more. In November, 1911, he subscribed for ten additional "shares of the capital stock," payable in like instalments as the first subscription, each instalment being, however, payable one year later. He paid nothing on this second subscription, but in April, 1913, he promised to pay the amount then due on both subscriptions.

The defendant claims (1) that the subscription contract was void because fatally ambiguous and uncertain in that it did not specify whether the stock subscribed for was common or preferred; (2) that a stock subscription contract payable in instalments is illegal and void; (3) that there can be no recovery because no call was made to pay the stock subscription; (4) that certain materially false representations as to the membership of the corporation were made on the faith of which he subscribed; and (5) that the judge of the civil court erred in opening the case after both parties had rested and taking further testimony on a subsequent day when defendant's counsel was not present.

For the appellant there was a brief by *W. H. Timlin, Jr.,* and *Patrick W. Dean,* and oral argument by *Mr. Timlin.*

*Oliver L. O'Boyle,* for the respondent.

WINSLOW, C. J. The defendant's contentions will be taken up in their order.

1. The contract of subscription might be held ambiguous if it were shown that the subscriber did not know that there were two kinds of stock, or did not know that all of the common stock had been taken and nothing but preferred stock remained to be sold. The facts are well nigh conclusive that the defendant was aware of the whole situation; he does not even intimate in his evidence that he was ignorant of it. He

was a member of the council which took half of the common stock. The trial judge concluded in effect that it was understood by both parties that the stock for which the defendant subscribed was preferred stock, and we think he was amply justified in so concluding. When both parties understand the words used in a contract to mean the same thing there can hardly be said to be any fatal ambiguity or uncertainty.

2. In the absence of restrictions in its charter or the general law of the state a corporation may accept and enforce stock subscriptions payable in instalments. 2 Clark & Marshall, Priv. Corp. pp. 1449, 1450.

3. There are no such restrictions in the charter of the plaintiff corporation and we find none in the general laws of the state. Sec. 1754, Stats., providing for the making of calls by directors, is intended to fix the time of payment of a general subscription which fixes no time for payment. It is to make that certain which before was uncertain. It is entirely unnecessary when the subscription contract fixes the time of payment. *Germania I. M. Co. v. King,* 94 Wis. 439, 69 N. W. 181.

4. The false representations relied on were that no one but Knights of Columbus could buy stock or hold office. It appears by the articles that all of the directors (twelve in number) must be Knights of Columbus. We can find no evidence in the case that any one but Knights of Columbus ever bought stock, held stock, or held office, nor does it appear how the representation, if made, was in any respect a substantial or material representation. Furthermore, the defendant doubtless ratified his contracts of subscription by making payments on the first contract more than a year after it was entered into, at which time he had had ample opportunity to ascertain the provisions of the articles of incorporation of a corporation of which he himself was a member.

5. After both parties had rested, the case was reopened for further testimony and some further testimony was taken in

presence of counsel for both parties. It was then suggested that certain corporate records should be introduced and that it might be done on the following day, but defendant's counsel stated that he would not be there on the following day (Saturday), whereupon a continuance was ordered until Monday. At this latter time defendant's counsel was not present and some formal record evidence was introduced, which added nothing of substance to the case. Counsel does not now suggest that there was anything in this testimony so taken which he could have met or desired to meet by proof. We find no substantial prejudicial error here.

There are no other contentions that deserve consideration.

*By the Court.*—Judgment affirmed.