Parker vs. Stoughton Mill Co.

PARKER, Receiver, Appellant, vs. STOUGHTON MILL COMPANY, Respondent.

PARKER, Receiver, Respondent, vs. STOUGHTON MILL COMPANY, Appellant.

*September 28 — October 22, 1895.*

*Foreign receivers: Action in this state: Comity: Mutual insurance company: Insolvency: Assessment by decree of foreign court: Conclusiveness.*

1. A foreign receiver of a foreign mutual insurance company may maintain in the courts of this state an action against a member of the company resident here to recover an assessment upon a premium note which was a part of the assets of the company in the hands of the receiver when the assessment was made.

2. Under sec. 1, art. IV, Const. of U. S., a decree of a court of competent jurisdiction in another state making an assessment upon the premium notes of a mutual insurance company in the hands of a receiver, being conclusive in that state upon all members of the company unless directly attacked, is conclusive in this state in an action to recover such assessment. *Great W. Tel. Co. v. Burnham,* 79 Wis. 47, distinguished and limited.

APPEALS from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed in part; reversed in part.*

This is a suit brought by *Thomas Parker, Jr.,* as receiver of the Mutual Fire Insurance Company of Chicago, against the *Stoughton Mill Company,* to recover an assessment made upon the said *Stoughton Mill Company* as a member of said Mutual Fire Insurance Company, the said assessment being based upon two certain premium notes made by the said *Stoughton Mill Company* to the said Mutual Fire Insurance Company prior to the appointment of the receiver.

Two separate causes of action are set forth in the complaint, one upon each of the said premium notes. The material facts set forth in the complaint are: That the said

Mutual Fire Insurance Company of Chicago was a corporation duly organized under the laws of the state of Illinois, and that the *Stoughton Mill Company* is a corporation organized under the laws of the state of Wisconsin; that on the 7th day of January, 1886, the firm of Dow, Townsend & Co. became members of said insurance company, and upon execution by them of a certain premium note a certain policy of insurance was issued to them by said insurance company; that subsequently said firm of Dow, Townsend & Co. assigned all their interest in the said policy of insurance to the defendant, the *Stoughton Mill Company*, and thereupon said *Stoughton Mill Company* became a member of said Mutual Fire Insurance Company, and executed and delivered to the said insurance company its certain premium note, which is set out in full; that afterwards, and on or about the 1st day of October, 1890, Charles W. Pavey, auditor of public accounts for the state of Illinois, in pursuance of chapter 73 of the Revised Statutes of said state, caused an examination to be made of the affairs of said Mutual Fire Insurance Company, and as a result of such examination, and in pursuance of the provisions of said chapter 73 of the Revised Statutes of said state of Illinois, said auditor subsequently, and on the 12th day of November, 1890, filed his petition in the circuit court of Cook county, Illinois, which is a court of record and of general jurisdiction, for the purpose of winding up the said company and appointing a receiver to take charge of its assets; that the said insurance company and its officers and directors were made parties to the said petition, were duly served with process, and appeared in court and filed their answers, and afterwards, and on or about the 21st day of February, 1891, such further proceedings were had in said cause that the plaintiff herein, *Thomas Parker, Jr.*, was duly appointed receiver of the said insurance company; that under and by virtue of the provisions of the said chapter 73 of the General Statutes of the state of Illinois, and of his said ap-

pointment as receiver of said company, the plaintiff *had power to prosecute and defend suits in the name of the corporation or in his own name, etc.*, and by reason thereof was vested with authority to bring and maintain this suit; that subsequently such further proceedings were had in said cause that, upon a hearing thereof, and in accordance with the provisions of said chapter 73 of the said statutes of Illinois, a decree was therein entered, levying an assessment of sixty-five per cent. upon the premium-note and membership liability of all the members of said company, and fixing the assessment against the *Stoughton Mill Company*, upon the premium note hereinbefore referred to, at the sum of $435.10; that it was provided in said decree that, if any of the members of said company failed or refused to pay the sixty-five per cent. assessment within thirty days after notice thereof, the said receiver should proceed to collect the full amount of the liability of such member; that due notice of such assessment had been given to the said *Stoughton Mill Company*, but that it had refused to pay the same, notwithstanding more than thirty days had elapsed since the giving of the said notice, and therefore the receiver was entitled to recover on said premium note, in accordance with the provisions of said decree, the sum of $669.38.

The second cause of action set out in the complaint sets out a certain other premium note, and contains substantially the same allegations contained in the first cause of action, and, in addition thereto, the allegation that the said note, on the 14th day of March, 1890, and prior to the appointment of the plaintiff as receiver of said company, had expired by its terms, and had been returned to the defendant, but that at the time of such return or surrender the defendant had not paid any of the liability which had accrued thereon prior to the expiration of said note. The amount which the plaintiff sought to recover upon the second note is the sum of $172.37.

The defendant interposed a demurrer to the complaint for the reason that it appears upon the face thereof— *first,* that the plaintiff had not legal capacity to sue, being only an officer of a court in a foreign jurisdiction; *second,* that the first count of the complaint did not state facts sufficient to constitute a cause of action; and, *third,* that the second count in said complaint did not state facts sufficient to constitute a cause of action. Upon the hearing of the demurrer the court sustained the demurrer as to the first cause, namely, that the plaintiff had not legal capacity to maintain the suit, but overruled the demurrers to the first and second counts, and dismissed the suit at plaintiff's cost, and an order was entered accordingly. The plaintiff appealed from that part of the order which sustained the demurrer and dismissed the action, and the defendant appealed from that part of the order which overruled the demurrers to the two counts of the complaint.

For the plaintiff there were briefs by *D. J. Schuyler, C. W. Greenfield,* and *Olin & Butler,* and oral argument by *Mr. Schuyler* and *Mr. Greenfield.* They argued, among other things, that courtesy is almost universally extended to receivers to maintain suits outside of their jurisdiction, when such proceedings do not in any way jeopardize or interfere with the rights of any citizen or resident of the state in which such proceedings are instituted. *Runk v. St. John,* 29 Barb. 585; *Sobernheimer v. Wheeler,* 45 N. J. Eq. 614; *Bidlack v. Mason,* 26 id. 230; *Comstock v. Frederickson,* 51 Minn. 351; *Boulware v. Davis,* 90 Ala. 212; *Lycoming F. Ins. Co. v. Wright,* 55 Vt. 526; *Bank v. McLeod,* 38 Ohio St. 174; *Falk v. Janes,* 49 N. J. Eq. 484; *In re Waite,* 99 N. Y. 433; *Bagby v. A., M. & O. R. Co.* 86 Pa. St. 291; *Metzner v. Bauer,* 98 Ind. 427; *Woodward v. Brooks,* 128 Ill. 222; *Toronto G. T. Co. v. C., B. & Q. R. Co.* 123 N. Y. 37; *Bacon v. Horne,* 123 Pa. St. 452. The decisions of this state are in full harmony with the authorities above cited. *Mowry*

*v. Crocker*, 6 Wis. 326; *Gilman v. Ketcham*, 84 id. 60, 67.
The *situs* of the property in the note was within the juris-
diction of the court, the note being in fact in the actual pos-
session and custody of the court itself at the time the
assessment was made. *Taylor v. Life Asso. of Am.* 13 Fed.
Rep. 496, and cases cited; *Mowry v. Crocker*, 6 Wis. 326.
The proceeding and decree set up in the complaint cannot
be attacked collaterally. *Lycoming F. Ins. Co. v. Langley,*
62 Md. 211; *Hawkins v. Glen*, 131 U. S. 319, 329; *Rand,*
*McNally & Co. v. Mut. F. Ins. Co.* 58 Ill. App. 528; High,
Receivers, § 203; *Great W. Tel. Co. v. Gray*, 122 Ill. 630;
*Ward v. Farwell*, 97 id. 593; *Glenn v. Liggett*, 135 U. S. 533;
*Sanger v. Upton*, 91 id. 56; *Smith v. Hopkins*, 10 Wash.
77. The decree set out in the complaint is entitled to the
same faith and credit in every state that is given it in the
state of Illinois. *Mills v. Duryee*, 7 Cranch, 481; *Christmas*
*v. Russell*, 5 Wall. 290; *Green v. Van Buskirk*, 7 id. 139.
See, also, *Hanley v. Donoghue*, 116 U. S. 4; *Brown v. Parker,*
28 Wis. 27; *Green v. Van Buskirk*, 5 Wall. 308; *Cole v.*
*Cunningham*, 133 U. S. 111.

For the defendant there was a brief by *Luse & Wait*, and
oral argument by *L. K. Luse.* They contended, *inter alia,*
that an officer of a court receiving his authority from a court
in a foreign jurisdiction cannot maintain an action in this
state. *Johnson v. Wilson*, 1 Pin. 65; *Smith v. Peckham,*
39 Wis. 414; sec. 4281, R. S.; *Vincent v. Starks*, 45 Wis. 458;
*Filkins v. Nunnemacher*, 81 id. 91. The case at bar, like the
last case, is *in invitum*, the receiver having been appointed
in an action brought against the corporation by the auditor
of the state of Illinois. An assignment made by force of
law in a foreign jurisdiction will not transfer property out-
side of such jurisdiction. *Smith v. C. & N. W. R. Co.* 23
Wis. 269; *Simpkins v. Smith & P. Gold Co.* 50 How. Pr. 56;
*Willitts v. Waite*, 25 N. Y. 584; *Smith's Appeal*, 104 Pa. St.
381; Wait, Insolvent Corporations, § 153; *Cook v. Van Horn,*

81 Wis. 291; *Rhawn v. Pierce*, 110 Ill. 350. The rule is well established that a receiver appointed in a foreign jurisdiction cannot sue as a matter of right, and this rule has been applied in actions of this character. High, Receivers, § 239; *Farmers & M. Ins. Co. ex rel. Benneson v. Needles*, 52 Mo. 17; *Moseby v. Burrow*, 52 Tex. 396; *Moreau v. Du Bellet*, 27 S. W. Rep. 503; *Hope Mut. L. Ins. Co. v. Taylor*, 2 Rob. (N. Y.), 278; *Ayres v. Siebel*, 82 Iowa, 347.

WINSLOW, J. The first important question in this case is simple. An Illinois mutual insurance company has become insolvent, and a receiver thereof has been appointed by an Illinois court of competent jurisdiction, and an assessment upon the premium notes has also been made by the court. The defendant, a Wisconsin corporation, was insured in the insolvent company, thus becoming a member thereof, and gave its premium note, which was a part of the assets of the company in the hands of the receiver when the assessment was made. Can the receiver maintain an action in the courts of this state to recover of the defendant the amount of the assessment upon its premium note?

This court has held that an assignment of property made by a foreign court pursuant to a bankrupt act does not transfer the title to personal property in this state. *McClure v. Campbell*, 71 Wis. 350. Also, that a receiver of an insolvent debtor, appointed in a creditor's suit in a foreign state, has no title to the property of the debtor within this state, and will not be allowed to maintain an action in the courts of this state to set aside an alleged fraudulent conveyance of such property. *Filkins v. Nunnemacher*, 81 Wis. 91. The principle of both these decisions is manifestly the same, namely, that decrees of foreign courts have no effect upon the title of property within this state. This court has also held, in effect, that a foreign receiver will be heard to assert in the courts of this state a title to a chose in action

which he claims by an assignment valid and binding against all parties to the litigation. *Gilman v. Ketcham*, 84 Wis. 60. The last-named case rules the present case. Here it appears that the receiver has been invested by the Illinois court with the practical ownership of choses in action which were then in possession of the insurance company and within the jurisdiction of the court, namely, the premium notes of the defendant. I say " practical ownership," because it is apparent from the complaint that the corporation itself is either actually dissolved or in process of dissolution, and all its property is in the hands of the court. So far as there can be any ownership of such property under such circumstances, it must be in the receiver. The corporation will never rise to claim it. It is not the property of the court, and hence, whatever substantial property there is in any one must be in the receiver, charged of course with his duties in relation to it. There is no question here of a transfer of property in this state. No such transfer was attempted. The property in question (that is, the defendant's note and its liability to pay assessments) was in Illinois at the office of the company. They were choses in action, and their *situs* was at the residence of the company. *State ex rel. Dwinnell v. Gaylord*, 73 Wis. 316. The case, therefore, is simply this: A foreign receiver is attempting to enforce in the courts of this state a contract of which he has been invested with the practical ownership by a foreign court having jurisdiction of the property and of its former owner. We think the principles of judicial comity laid down in *Gilman v. Ketcham*, 84 Wis. 60, fully cover the case, and, following them, we hold that the action may be maintained.

But it is argued that the complaint shows that the assessment made was inequitable and unjust, and was in fact a horizontal assessment, and hence will not be enforced. Upon this contention the case of *Great W. Tel. Co. v. Burnham*, .79 Wis. 47, is relied upon. That was a case of an assess-

ment, made by an Illinois court having jurisdiction, upon the stockholders of a bankrupt telegraph company; and it affirmatively appeared upon the face of the complaint that some of the stockholders had paid forty per cent. of their subscriptions and some only two per cent., and that the assessment sued on was a horizontal assessment of thirty-five per cent. upon all. This was held to be conclusively unequal and unfair. It seems to have been considered that the plaintiff had, by his own allegations, impeached and discredited the decree of the court; and it was held that the complaint was demurrable, notwithstanding the fact that the assessment was made by a court of competent jurisdiction. We shall not attempt to justify all that is said in that case. By the constitution of the United States (art. IV, sec. 1), the courts of this state are bound to give full faith and credit to the "public acts, records and judicial proceedings of every other state." If a judgment is conclusive in the state where rendered, it is conclusive here. The decree by which the assessment in question was made was undoubtedly conclusive on the members or policy holders of the defunct company, unless attacked in a direct proceeding, notwithstanding they were not present when it was rendered. *Hawkins v. Glenn*, 131 U. S. 319; *Lycoming F. Ins. Co. v. Langley*, 62 Md. 211. It has so been held by the appellate court of Illinois in considering this very assessment. *Rand, McNally & Co. v. Mut. F. Ins. Co.* 58 Ill. App. 528. We can come to no other conclusion than that we are bound under the constitutional requirement of "full faith and credit" to hold that the decree making the assessment in question, being conclusive in Illinois upon all members and policy holders unless attacked by direct proceeding, is conclusive here and not open to collateral attack. *Griggs v. Becker*, 87 Wis. 313. Whatever is said in *Great W. Tel. Co. v. Burnham*, 79 Wis. 47, inconsistent with this conclusion, we are unable to follow.

The necessary conclusion from these considerations is that the complaint stated a good cause of action, and that the general demurrer to the whole complaint on the ground of want of capacity in the plaintiff to sue was improperly sustained. It was admitted on the argument that an error had been made inadvertently in the statement of the second cause of action, which rendered it demurrable; therefore the demurrer will be overruled as to the first cause of action, and sustained as to the second cause of action, with the usual leave to amend.

*By the Court.*— The order appealed from is reversed, with costs in favor of the plaintiff, except that part which overrules the demurrer to the first cause of action, which is affirmed; and the cause is remanded for further proceedings in accordance with this opinion.

