## Herman Z. Mallen et al, v. Benjamin F. Langworthy, Receiver, etc.

1. MUTUAL INSURANCE COMPANIES—*When Members Can Not Question Assessments in Case of Insolvency.*—An assessment made by a court upon the members of an insolvent mutual insurance company can not be questioned by a member in a suit against him by the receiver for the purpose of collecting such assessment, upon the ground that such member has not had his day in court, and ought not to be bound by a judgment or decree to which he was not a party or privy.

2. SAME—*Cancellation of Policies and Subsequent Insolvency.*— While the cancellation of a policy of mutual insurance ends the liability of the policy holder as to future losses and expenses of the company, the relation of the assured to the insurance company remains for the purpose of an assessment for prior losses and expenses of the assessment until the liability of the assured to the extent of his premium or deposit note has been discharged, and when the assessment is made by the court, the court must, in the nature of things, have a reasonable discretion in respect to the expenses to be provided.

3. TRIAL BY JURY—*Directing a Verdict for the Plaintiff.*—A defendant in a suit upon an assessment is not necessarily deprived of his constitutional right of trial by jury because the court peremptorily directs a verdict for the plaintiff for the amount of such assessment.

4. VARIANCE—*When Immaterial.*—A technical variance in a single respect between the declaration and the proof concerning an immaterial matter in the suit is of no legal consequence.

**Assumpsit,** for an assessment. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

WILLIAM H. TATGE and WILLIAM A. DEYL, attorneys for appellants.

FARSON & GREENFIELD, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit brought by the receiver of the Mutual Fire Insurance Company, of Chicago, against the appellants, copartners, doing business as H. Z. Mallen & Co., to recover an assessment made in a proceeding for the purpose of winding up the affairs of said company, upon their premium or deposit note, given to the insurance company at the time they took out a policy of fire insurance in said company.

Except in particulars applicable to the different transactions, the note was like the one set forth in the statement of facts in Rand, McNally & Co. v. M. F. Ins. Co., 58 Ill. App. 528, and was for five times the amount of the annual premium that was paid when the policy was issued.

And the assessment in question was ordered in the same proceedings stated in that case.

It is urged that because the appellants were not parties by name to the proceedings in which the receiver was appointed and the assessment was made, the transcript of such proceedings was improperly admitted in evidence, upon the ground that appellants have never had their day in court, and that no one should be bound by a judgment or decree to which he was not a party or privy.

We have substantially answered that proposition in the Rand, McNally & Co. case, above cited.   See also Ward v. Farwell, 97 Ill. 593; G. W. Tel. Co. v. Gray, 122 Ill. 630; Parker v. Stoughton Mill Co., 91 Wis. 174; Mutual F. Ins. Co. v. Phœnix Furn. Co., 66 N. W. Rep. (Mich.) 1095; Hawkins v. Glenn, 131 U. S. 319; Lycoming F. Ins. Co. v. Langley, 62 Md. 196.

An objection is made that the assessment included items of losses and expenses for which appellants were not liable. If we were to assume that such a question could be raised collaterally, we should be obliged, from a careful analysis of all that appears to us by the abstract of the lengthy assessment proceedings shown in the record, to hold that the objection is not well founded and ought not to be sustained.

What is said in Seamans v. The Millers Mut. F. Ins. Co., 90 Wis. 490, on p. 496, in referring to Davis v. Shearer, 90 Wis. 250, where the general subject was examined, is applicable here.

While the cancellation of a policy of mutual insurance ends the liability of the policy holder as to future losses and expenses of the company, the relation of the assured to the insurance company still remains for the purpose of an assessment for prior losses and expenses of the assessment, until the liability of the assured to the extent of his premium or deposit note has been discharged; and where the assessment is made by the court, the court must, in the nature of things, have a reasonable discretion in respect to the expenses to be provided for. We fail to find that appellants have been assessed for losses occurring subsequent to the termination of their policy, or prior to its issuance, or for any more than their due proportion of the expenses fixed in the exercise of a reasonable discretion by the court that ordered the assessment.

There is no force in the contention that appellants were deprived of their constitutional right to a trial by jury because the court peremptorily directed a verdict for the appellees for the amount of the assessment against appellants.

The documentary matter by which that assessment was made to appear, was very voluminous, and having been offered in evidence, the directing of a verdict for the amount so made to appear, was no more than telling the jury what the legal effect was of such record, and was no more erroneous than to instruct a jury in a proper case to bring in a verdict for the amount of a promissory note that had been sued upon.

It is also urged that there was a variance between the declaration and the proof.

There was a technical variance in a single respect between the declaration and the proof, but it was concerning an immaterial matter in this suit.

No error appearing, the judgment is affirmed.