## West and South Towns St. R. R. Co. v. Edward B. McKey, Receiver, etc.

1. **Appellate Court. Practice**—*Duty to Consider Exceptions.*— Under Section 60 of the Practice Act it is the duty of the Appellate Court to consider exceptions which relate to the receiving of improper or rejecting proper evidence, or to the final judgment of the court, the trial being before the court without a jury.

2. **Parties**—*Who Are Not Necessary in Insurance Cases.*—In a proceeding under the insurance act for the purpose of declaring the charter of a mutual insurance company forfeited, for its dissolution, the appointment of a receiver, winding up its business, etc., a policy holder in the company is not a necessary party.

3. **Practice**—*Winding up the Affairs of a Mutual Insurance Company—Parties.*—In a proceeding under Chap. 73 R. S. entitled "Insurance" to wind up the affairs of a mutual insurance company, members of such company are not necessary parties.

**Proceedings to Wind up the Affairs of a Mutual Insurance Company.**—Trial in the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Decree for complainant; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed February 9, 1899. Rehearing denied March 2, 1899.

Lyman N. Paine, attorney for appellant.

Newman, Northrup & Levinson, attorneys for appellee.

Mr. Presiding Justice Windes delivered the additional opinion of the court upon petition for rehearing.

By petition for rehearing in this case, counsel for appellant has called our attention to an inadvertence in its decision. Because there was no exception taken to the judgment and no error in the common law record, we held there was nothing for us to consider. On further consideration and examination of the record, we think this was not strictly accurate, though perhaps justified by some of the cases cited.

Section 60 of the Practice Act makes it our duty to

consider exceptions which relate to the receiving of improper or rejecting proper evidence, or to the final judgment of the court, the trial being before the court without a jury. It appears that the trial court admitted in evidence over the objection of appellant the transcript of a record of the Circuit Court of Cook County, showing the filing of a bill by numerous complainants, members and owners of the assets of the Illinois Mutual Fire Insurance Company, a corporation organized to do an insurance business under the laws of the State of Illinois upon what is commonly known as the mutual plan, for the purpose of declaring its charter forfeited, for the dissolution of the corporation, appointment of a receiver, and winding up its business; also orders appointing appellee as receiver for the assets of the corporation, finding its insolvency, the amount of its assets and liabilities, and directing the receiver to assess each member of the company, including appellant, certain amounts, specifying same, and to collect such assessments. The objection to this evidence is that the order for assessments was in no way binding on appellant (who was a policy holder in the company), because it was not a party to the proceeding. The same question is presented by three propositions of law submitted by appellant, and which were refused by the court. An examination of the bill offered, shows that the proceeding was one under the insurance act. Hurd's Stat., Ch. 73, Sec. 2 *et seq.*, and not under Section 25 of the General Corporation Act. This being so, the contention of appellant can not be sustained. Under the insurance act, appellant is not a necessary party. The evidence was properly admitted. Great Wes. Tel. Co. v. Gray, 122 Ill. 630; Ward v. Farwell, 97 Ill. 593; Mallen v. Langworthy, 70 Ill. App. 376.

The case of Farwell v. Great Wes. Tel. Co., 161 Ill. 566, relates to a proceeding under Section 25 of the General Corporation Act, which was enacted prior to the Insurance Act, and does not control in the case at bar.

This disposes of all the questions which we should consider on this record, and the petition for a rehearing is denied.