ANGLO-AMERICAN PROVISION COMPANY, Appellant, *v.* DAVIS PROVISION COMPANY, Respondent.

1. FOREIGN CORPORATION — SUIT AGAINST BY ANOTHER FOREIGN CORPORATION — CODE CIV. PRO. § 1780 — FOREIGN JUDGMENT NOT A CAUSE OF ACTION ARISING WITHIN THE STATE. The cause of action mentioned in section 1780 of the Code of Civil Procedure, providing that "an action against a foreign corporation may be maintained by another foreign corporation * * * in one of the following cases only * * * 3. When the cause of action arises within the state," must be one local in its nature, with reference to the state, and a judgment recovered by

1902.]  Anglo-Am. Prov. Co. v. Davis Prov. Co.  · 507

N. Y. Rep.]  Statement of case.

one foreign corporation against another in the state of their domicile, which has failed of enforcement in the jurisdiction where rendered, cannot be regarded when sued upon within this state as a cause of action arising therein, upon which an action between them may be maintained; however, in legal contemplation it may be regarded as an unperformed obligation of the judgment debtor.

2. Constitutional Law — Validity of Restriction of Litigation between Foreign Corporations.  The restriction of litigation between foreign corporations to causes of action arising within the state is a valid exercise of legislative power, and is not in violation of the provisions of section 2, article 4, and of the fourteenth amendment of the Federal Constitution conferring upon the citizens of each state all the privileges and immunities enjoyed by citizens of other states under their laws, because a corporation is not a citizen in the constitutional sense, and whatever rights it may enjoy in a foreign jurisdiction depend wholly upon comity; nor is it a denial of the full faith and credit which, under section 1, must "be given in each state to the public acts, records and judicial proceedings of every other state," because such provision establishes a rule of evidence rather than of jurisdiction, and does not invest a foreign judgment with such ubiquitous character and force as, upon its being brought within the state, to make it mandatory upon the courts to entertain an action for its enforcement.

*Anglo-Am. Provision Co.* v. *Davis Provision Co.*, 50 App. Div. 273, affirmed.

(Argued January 9, 1902; decided January 28, 1902.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 4, 1900, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Wilson Bridges* for appellant.  The cause of action arises within this state. (*Reed* v. *Chilson*, 40 N. Y. S. R. 961; *Merritt* v. *Fowler*, 76 Hun, 424; *G. P. Co.* v. *Mayor, etc.*, 108 N. Y. 276; *Nazro* v. *McC. O. Co.*, 36 Hun, 296; *Bk. of Commerce* v. *R. & W. R. R. Co.*, 10 How. Pr. 1; *Burchle* v. *Eckhart*, 3 N. Y. 132; *Shumway* v. *Stillman*, 6 Wend. 447; *L. Ins. Co.* v. *French*, 18 How. Pr. 404; *McCartney* v. *Bostwick*, 32 N. Y. 64; *Perry* v. *E. T. Co.*,

22 Civ. Pro. Rep. 178.) This action falls within the terms and meaning of the United States Constitution. (Const. of U. S. art. 4, § 1; *C. C. Bank* v. *Lowery*, 93 U. S. 72; *Mills* v. *Duryee*, 7 Cranch, 485; *Christmas* v. *Russell*, 5 Wall. 290; *M. L. Ins. Co.* v. *Harris*, 97 U. S. 331; *Hampton* v. *McConnel*, 3 Wheat. 234; *Nazro* v. *McC. O. Co.*, 36 Hun, 296; *M'Elmoyle* v. *Cohen*, 13 Pet. 312; *Armstrong* v. *Carson*, 2 Dall. 302; *Nations* v. *Johnson*, 24 How. Pr. 195; *A. A. P. Co.* v. *D. P. Co.*, 105 Fed. Rep. 536.)·

*Frank E. Smith* for respondent. The cause of action upon the Illinois judgment did not arise within this state. (*O'Brien* v. *Young*, 95 N. Y. 428; *Morley* v. *L. & M. S. R. R. Co.*, 146 U. S. 162; *Hilton* v. *Guyot*, 159 U. S. 113; Black on Judgments, 7, 10; *Hibernia Bank* v. *Lacombe*, 84 N. Y. 367; *Barnes* v. *Kenyon*, 2 Johns. Cas. 381; *Campbell* v. *C. & S. L. R. R. Co.*, 18 How. Pr. 412; *Thelwall* v. *Yelverton*, 16 C. B. [N. S.] 813; *Fanning* v. *Consequa*, 17 Johns. 511.) Section 1780 of the Code of Civil Procedure is not repugnant to the Federal Constitution. (*Wisconsin* v. *Pelican Ins. Co.*, 127 U. S. 265, 291; *Huntington* v. *Attrill*, 146 U. S. 657, 685; *Hancock Nat. Bank* v. *Farnum*, 176 U. S. 640; *Lynde* v. *Lynde*, 181 U. S. 183; *W. P. O. Co.* v. *Texas*, 177 U. S. 28, 45; *People* v. *Fire Assn.*, 92 N. Y. 311, 325; *People ex rel.* v. *Wemple*, 131 N. Y. 64, 70; *Robinson* v. *O S. N. Co.*, 112 N. Y. 315.)

GRAY, J. The plaintiff and the defendant are foreign corporations, organized under the laws of the State of Illinois, and the action is brought upon a judgment; which is alleged in the complaint to have been recovered against the defendant in a court of general jurisdiction, within that state. The cause of action, however, upon which the judgment was rendered, is not set forth. The defendant demurred to the complaint; specifying, as grounds, a want of jurisdiction in the court, as to the person of the defendant and as to the subject-matter, and that the complaint did not state facts sufficient to con-

stitute a cause of action. The demurrer has been sustained below and the complaint was dismissed.

Upon the appeal, which the plaintiff now takes to this court from the judgment of dismissal, we have presented questions of the construction which is to be given to the provisions of section 1780 of our Code of Civil Procedure and of how far its provisions are affected, or controlled, by section I of article IV of the Constitution of the United States.

Section 1780 provides that, " an action against a foreign corporation may be maintained by another foreign corporation, * * * in one of the following cases only : * * * 3. Where the cause of action arose within the state."

The demurrer admits the recovery of a valid judgment and I shall assume that it was upon a cause of action generally valid. The questions are both interesting and important ; but I think that the legal principles, which should guide the decision, are well settled.

The appellant's contention, in effect, is that the cause of action set forth in the complaint arose within this state ; because an action on a foreign judgment is an action on a contract, which is to be performed in this state, as everywhere within the United States, where the judgment debtor is called upon to pay it. It is somewhat difficult to appreciate the force of the reasoning, which resolves a judgment, that has been rendered between the parties within a foreign jurisdiction, into a cause of action that "arose within the State." Doubtless, a judgment, as a debt of record, is a contract obligation of the highest nature. The cause of action has become merged and the law implies the obligation and the promise of the defendant to pay ; but it is not a contract in the sense of any engagement of the parties with each other. The element of mutuality is wanting ; for *judicium redditur in invitum.* (*Bidleson* v. *Whytel,* 3 Burrows, 1545 ; *McCoun* v. *N. Y. C. & H. R. R. R. Co.,* 50 N. Y. 176 ; *Gutta Percha & R. Mfg. Co.* v. *Mayor, etc., of Houston,* 108 ib. 276.) We may concede that an action on a foreign judgment is an action *ex contractu ;* but that there is, within the meaning of the

statute, a cause of action which arose within the state, permits of grave doubt and puts a severe strain upon what seems to be plain language.    If a judgment is a new debt, (Freeman on Judgments, sec. 217), it was created and, therefore, as it seems to me, arose where the judgment was had.    But, if we admit that the failure to pay a judgment is a breach of the defendant's obligation, which warrants the plaintiff in enforcing it by an action wherever the defendant may be reached by process, that general right may, nevertheless, be subjected to limitations, when sought to be exercised in other jurisdictions than that in which the plaintiff is domiciled; such as appear to have been imposed by our statute.    The Code prescribes that, when an action is between two foreign corporations, the cause of action must be one which arose within the state and a judgment recovered in the foreign jurisdiction is not such by any necessary implication.    A statute is to be given that meaning which the ordinary reading of its language warrants and, thus read, the cause of action mentioned in section 1780 must be one local in its nature, with reference to the state.    The Code is not dealing with legal fictions.    (*McCoun* v. *N. Y. C. & H. R. R. R. Co., supra.*)    I am of the opinion that a foreign judgment, which has failed of enforcement in the jurisdiction where rendered, cannot be regarded, when sued upon within the state, as included within the class described by this section; however, in legal contemplation, it may be regarded as an unperformed obligation of the judgment debtor.    Authorities seem hardly necessary, in support of the proposition; but the principle appears in the cases, to which we have been referred. (*Barnes* v. *Kenyon,* 2 Johns. Ca. 381; *Thelwall* v. *Yelverton,* 16 C B. [N. S.] 813, and see Pigott on Foreign Judgments, [Ed. 1884], p. 233.)

As to the power of the state to prescribe, arbitrarily, or from policy, limitations and conditions upon the exercise by foreign corporations of corporate rights, I suppose there to be no doubt; whether they be upon the right to do business here, or upon the right to sue in our courts.    (*People* v. *Fire Association of Phila.,* 92 N. Y. 311, 324; *Bank of Augusta*

v. *Earle*, 13 Peters, 519, 590 ; *Paul* v. *Virginia*, 8 Wall. 168,
181; *Pembina Mining Co.* v. *Pennsylvania*, 125 U. S. 181,
187 ; *Waters, etc., Oil Co.* v. *Texas*, 177 ib. 28, 45.)   Within
each state, the people exercise all the powers of government not
granted to the general government, nor prohibited by the Fed-
eral Constitution.   (10th Art. of Amendments.)   They are
prescribed in the Constitution of the state, the instrument which
furnishes the rules of action and measures the powers of the
agents of government designated therein, and they are exer-
cised in the laws, which are promulgated by the law-making
body.   A corporation could not claim the benefit of those pro-
visions of the Federal Constitution, which confer upon the
citizens of each state a general citizenship and secure to them
in other states all the privileges and immunities to which the
citizens would there be entitled, under the Constitution and
laws of the state, under like circumstances.   (U. S. Constitu-
tion, sec. 2, art. IV and Amendment XIV.)   A corporation,
as an artificial person, exists only by force of the law which
created it.   It has no extraterritorial existence and what
rights it may exercise in other jurisdictions are permitted upon
the principle of comity.   It is not a citizen of the state in the
constitutional sense.   (Story on the Constitution, sec. 1695 ;
*Pembina Mining Co.* v. *Pennsylvania, supra*.)   In *Paul* v.
*Virginia* (*supra*), this question was very fully discussed and
it was said that " the corporation being the mere creation of
local law can have no legal existence beyond the limits of the
sovereignty where created.   As said by this court in *Bank of
Augusta* v. *Earle*, ' It must dwell in the place of its creation,
and cannot migrate to another sovereignty.'   The recognition
of its existence, even, by other states and the enforcement of
its contracts made therein, depend purely upon the comity of
those states.   *   *   *   Having no absolute right of recog-
nition in other states, but depending for such recognition and
the enforcement of its contracts upon their assent, it follows,
as matter of course, that such assent may be granted upon
such terms and conditions as those states may think proper to
impose.   They may exclude the foreign corporation entirely ;

they may restrict its business in particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest.   The whole matter rests in their discretion."

It is strenuously insisted, however, that the action is maintainable, within the meaning and the operation of section 1 of article IV of the Constitution of the United States; which reads that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state; and the Congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."   A general view of the constitutional provision would make its purpose appear to be to introduce uniformity in the rules of proof; to prescribe the effect of such proof or authentication, and to attribute to foreign judgments "positive and absolute verity, so that they cannot be contradicted or the truth of them denied, any more than in the state where they originated."   (Story on the Constitution, secs. 1310, 1312.)   The effect, which the appellant would have the courts give to these provisions, is to invest the foreign judgment with such ubiquitous character and force, as, upon its being brought within the state, to make it mandatory upon its courts to entertain an action for its enforcement. That this is the true construction of the clause I doubt and my doubt appears to be supported by authority.   I refer to what was said about the "full faith and credit" clause of the Federal Constitution in *Wisconsin* v. *Pelican Ins. Co.* (127 U. S. 265).   "Those provisions," it was said, "establish a rule of evidence, rather than of jurisdiction.   While they make the record of a judgment, rendered after due notice in one state, conclusive evidence in the courts of another state, or of the United states, of the matter adjudged, they do not affect the jurisdiction, either of the court in which the judgment is rendered, or of the court in which it is offered in evidence.   Judgments recovered in one state in the Union, when proved in the courts of another government, whether state or national, within the United States, differ from judgments

1902.] Anglo-Am. Prov. Co. *v.* Davis Prov. Co. 513

N. Y. Rep.]       Opinion of the Court, per Gray, J.

recovered in a foreign country in no other respect than in not being re-examinable on their merits, nor impeachable for fraud in obtaining them, if rendered by a court having jurisdiction of the case and of the parties. (*Hanley* v. *Donoghue*, 116 U. S. 1, 4.) In the words of Mr. Justice Story, cited and approved by Mr. Justice Bradley, speaking for this court, · ' The constitution did not mean to confer any new power upon the states, but simply to regulate the effect of their acknowledged jurisdiction over persons and things within their territory. It did not make the judgments of other states domestic judgments to all intents and purposes, but only gave a general validity, faith and credit to them as evidence.' * * * A judgment recovered in one state, as was said by Mr. Justice Wayne, delivering an earlier judgment of this court, ' does not carry with it, into another state, the efficiency of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another state, it must be made a judgment there ; and can only be executed in the latter as its laws may permit.' (*M'Elmoyle* v. *Cohen*, 13 Pet. 312, 325)." (See, also, *Huntington* v. *Attrill*, 146 U. S. 657, 684 ; *Lynde* v. *Lynde*, 181 U. S. 183.) I do not think that this clause of the Federal Constitution has the virtue attributed to it by the appellant; or that the Code provision in question is in conflict with it.

From a consideration of the authorities, the conclusion must result that the limitation imposed by section 1780 of the Code, upon the jurisdiction of the courts, in the respect discussed, was a valid exercise of the power of the state and that, when the cause of action is the enforcement of a judgment rendered in a foreign jurisdiction, it is not one which, in the contemplation of the statute, arose within the state. Nor can it be said to be an unreasonable exercise of power, for the state to restrict litigation in its courts to causes of local origin, where a foreign corporation is sued by a foreign corporation. (*Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315, 323.)

The conclusion is reached without considering an aspect of the question, which is not, possibly, without importance and that

33

is that it does not appear from the complaint that the cause of action, upon which the plaintiff recovered its judgment, was one which it might constitutionally sue upon here. (*Huntington* v. *Attrill*, 146 U. S. 657, 685.)

The judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur.

Judgment affirmed.