CONVERSE, Receiver, Appellant, vs. HAMILTON, Respondent.

*October 2—November 10, 1908.*

*Interstate comity: Action by receiver of insolvent foreign corpora-
tion: Enforcement of stockholder's statutory liability.*

The courts of this state will not entertain, on the ground of com-
ity, an action by the receiver of an insolvent Minnesota cor-
poration against a stockholder resident here to enforce collec-
tion of assessments levied by a Minnesota court (under ch. 272,
Laws of Minn. 1899) on account of the double liability of stock-
holders under the constitution and laws of that state, contrary
to the policy of this state. *Hunt v. Whewell,* 122 Wis. 33, fol-
lowed. TIMLIN, J., dissents.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action is brought against a resident of the state of
Wisconsin to enforce a stockholder's liability arising under
the laws of Minnesota. In May, 1901, the Merchants' Na-
tional Bank of St. Paul recovered a judgment against the
Minnesota Thresher Manufacturing Company (hereinafter
called the bankrupt), a corporation organized under the laws
of the state of Minnesota, amounting to $2,936.07. Exe-
cution was issued upon said judgment and was returned un-
satisfied, whereupon the plaintiff. brought an action for the
sequestration of the stock, property, and effects of said bank-
rupt, and applied for the appointment of a receiver to take
charge of the same. The plaintiff receiver was appointed in
said action in August, 1901. In September, 1901, an order
was made in the action, requiring the creditors of the bank-
rupt to become parties thereto and to appear and exhibit
therein their claims against said bankrupt. In pursuance
of such order the claims of creditors were allowed to the
amount of $443,752.12.

Sec. 3, art. X, of the constitution of Minnesota provides
that "each stockholder in any corporation (excepting those

organized for the purpose of carrying on any kind of manufacturing or mechanical business) shall be liable to the amount of stock held or owned by him." The supreme court of Minnesota held in the case of *Merchants' Nat. Bank v. Minnesota T. Mfg. Co.* 90 Minn. 144, 95 N. W. 767, that the capital stock of the bankrupt was liable to assessment under this constitutional provision.

Under the law of Minnesota as it existed prior to 1899, the double liability of stockholders could only be enforced by instituting an action by or in behalf of the creditors against the corporation and its stockholders in the state of Minnesota. This law was materially modified by ch. 272, Gen. Laws of Minn. 1899, which statute was in effect at the time the receiver was appointed in this action. A statement of the substance of the Minnesota statute referred to, in so far as it is necessary to here state it, will be found in the report of *Hunt v. Whewell*, 122 Wis. 33, 34, 35, 99 N. W. 599.

At the time the receiver was appointed, the defendant, a resident of the state of Wisconsin, was the owner of twenty-one shares of the stock of the bankrupt company, of the par value of $1,050. On December 22, 1902, an order was made in the receivership proceeding levying an assessment of thirty-six per cent. upon the outstanding capital stock of said corporation and directing the receiver to institute the necessary proceedings to collect such assessment. On June 11, 1907, a second order was made levying a like assessment of sixty-four per cent. on the capital stock of the corporation for the purpose of paying its debts, and the receiver was by said order directed to enforce collection of such assessment. This action is brought upon both assessments. A demurrer to the complaint was interposed, which was sustained, and, the plaintiff declining to amend, final judgment was entered dismissing the complaint, from which judgment this appeal is taken.

For the appellant there was a brief by *Jones & Schubring,*

attorneys, and *C. A. Severance,* of counsel, and oral argument by *B. W. Jones.*

For the respondent there was a brief by *Sanborn & Blake,* and oral argument by *John B. Sanborn.*

BARNES, J.   It is conceded by counsel for both parties in this case that every controverted question therein involved was also involved and decided in *Hunt v. Whewell,* 122 Wis. 33, 99 N. W. 599.   It was there said in reference to the cause of action sued upon: "The liability is statutory, the remedy to enforce it is statutory, and the appellant's title is a creature of the statute."   A conclusion was reached that, as to such a cause of action, the courts of this state could, if they chose, close their doors and refuse to entertain the same. The opinion in *Hunt v. Whewell* covers every phase of this case that it is considered by the court necessary or even advisable to cover here.   As far as this court is concerned, the rule of *stare decisis* as to all questions involved will be applied until a higher tribunal reaches a different conclusion

In the case of *Bernheimer v. Converse,* 206 U. S. 516, 27 Sup. Ct. 755, relied upon by appellant's counsel as practically overruling *Hunt v. Whewell,* the question of comity was not involved, was not discussed, and was not passed upon in any way.   The right to refuse comity was the sole question decided in *Hunt v. Whewell.*   The *Bernheimer Case,* therefore, is not in conflict therewith.

For reasons given in *Hunt v. Whewell,* and upon the grounds therein stated, the judgment in this case should be affirmed.

*By the Court.*—Judgment affirmed.

TIMLIN, J. (*dissenting*).   Upon the questions involved in this cause I think the law is in a regrettable condition of uncertainty.   *Hancock Nat. Bank v. Farnum,* 176 U. S. 640, 20 Sup. Ct. 506; *Huntington v. Attrill,* 146 U. S. 657, 13

Sup. Ct. 224; *Laing v. Rigney,* 160 U. S. 531, 16 Sup. Ct. 366; *Harding v. Harding,* 198 U. S. 317, 25 Sup. Ct. 679; *Finney v. Guy,* 189 U. S. 335, 23 Sup. Ct. 558; *Bernheimer v. Converse,* 206 U. S. 516, 27 Sup. Ct. 755; *Hunt v. Whewell,* 122 Wis. 33, 99 N. W. 599; *Finney v. Guy,* 106 Wis. 256, 82 N. W. 595; *Eau Claire Nat. Bank v. Benson,* 106 Wis. 624, 82 N. W. 604.

This is not a contest relating to property in this state and between creditors resident in this state and a foreign receiver. There are many such cases, and there is some confusion on that subject. 1 Whart. Confl. of Laws (3d ed.) § 390⅔ *et seq.* But in this state the rules of law controlling that class of cases are fairly settled. There can ordinarily be in such cases no questions concerning the faith and credit to be given to judgments of a sister state, because creditors of that class are not parties to the suit in which the receiver was appointed, nor is the property in this state bound *in rem.* But where, as in the instant case, the objection is made by the debtor against whom the action is brought by the foreign receiver, and where such debtor was a party to the suit which resulted in the appointment of the foreign receiver, at least so far as that suit authorized an assessment and invested such receiver with the right to bring action or with the title in trust to the chose, different considerations arise. *Bernheimer v. Converse,* 206 U. S. 516, 27 Sup. Ct. 755; *Converse v. Ayer,* 197 Mass. 443, 84 N. E. 98. In the last-described instances, sec. 1, art. IV, Const. U. S., should control the rulings of the state court before which the foreign receiver brings his action to enforce a demand in favor of such receiver and against such defendant. In such instances we should give the order or decree of the foreign court investing the receiver with the right to bring the action the same force this decree would have in the state where made. *Hancock Nat. Bank v. Farnum,* 176 U. S. 640, 20 Sup. Ct. 506. The order is final and conclusive on these questions in

Minnesota, as we are informed. See *Griggs v. Becker,* 87 Wis. 313, 58 N. W. 396. So, also, if by the law of the foreign state the title to all personal property or choses in action having a situs in that state is vested in the receiver in trust, the foreign receiver comes into this state with the same right to sue in the courts of this state as any citizen of another state having title as trustee, and he need not invoke the law of his own state further than any other owner of a chattel or chose in action who has acquired title to the same in a sister state absolutely or in trust is required to do to manifest his ownership to the courts in this state.

The complaint here, which may, in connection with an examination of the Minnesota statutes and decisions, be taken on demurrer to be true, states the force and effect of these proceedings in Minnesota. *Hanley v. Donoghue,* 116 U. S. 1, 6 Sup. Ct. 242, and Minnesota statutes and decisions referred to in *Bernheimer v. Converse, supra,* and *Converse v. Ayer, supra.* This complaint informs us that the plaintiff by virtue of the laws of that state and his appointment as receiver became, was, and is the representative of all the stockholders and creditors of the insolvent corporation and invested with the title to all the rights of action possessed by said corporation and authorized to maintain this action. He is not then merely a juristic person possessing the latter legal quality only by force of laws which have no extraterritorial effect, as was the case in *Anglo-Am. P. Co. v. Davis P. Co.* 191 U. S. 373, 24 Sup. Ct. 92; *S. C.* 169 N. Y. 506, 62 N. E. 587, and *Hale v. Allinson,* 188 U. S. 56, 23 Sup. Ct. 244. It is here averred that the receiver is a resident and citizen of Minnesota. Sec. 2, art. IV, Const. U. S. The court of his state by order or interlocutory decree to which defendant was a party (*Converse v. Ayer* and *Bernheimer v. Converse, supra*) invested him with title, in trust for other citizens, to this right of action. A statute of Wisconsin denying this decretal order the efficacy which it possessed in

Minnesota would be, I think, invalid. *Christmas v. Russell,* 5 Wall. 290; *Keyser v. Lowell,* 117 Fed. 400. Faith and credit must be given to "judicial proceedings." Sec. 1, art. IV, Const. U. S. If so, a decision of the court to the same effect as such statutes must be erroneous. The discretion which comity permits the law forbids. The plaintiff has in such case a legal right. Whenever foreign law is necessarily invoked in any state for the purpose of establishing or maintaining juristic personality in a case where that is essential to maintain the suit, or for the purpose of maintaining a remedy, there being no right in the foreign state except that which is coupled with a particular remedy there given, which remedy on account of the absence of similar law in the state of the forum does not exist, then and in all such cases, and in many other cases not necessary to mention here, the comity of the forum may or may not recognize such juristic person or such foreign law. When, however, the right of one of its citizens to maintain the action or his title to the chose has been adjudicated in the foreign state in an action to which the defendant was a party, the right to assert such right or title in this state in a court having general common-law and equity jurisdiction is no longer a matter of comity but a matter of law. I think the judgment should be reversed.